MARY ANN BAUER, Plaintiff and Respondent, *v.* CHARLES
BAUER, Defendant and Appellant.

**Compelling Support of Wife—Jurisdiction—Service of Sum-
mons.**

> The district court can obtain jurisdiction of the proceedings auth-
> orized by chapter 167 of the Laws of 1890 to compel a husband to sup-
> port his wife only by service of a summons, as in other cases in equity.

(Opinion Filed July 27, 1891.)

*A*PPEAL from district court, Pembina county; Hon.
CHARLES F. TEMPLETON, Judge.

*W. J. Kneeshaw,* for appellant.    *E. W. Conmy,* for respond-
ent.

Action to compel the defendant to support the plaintiff and
her children, instituted by issuing an order to show cause why
temporary alimony should not be awarded. On the return day
defendant objected to the jurisdiction of the court on the ground
that no summons had been served on the defendant. Objection
overruled. Defendant appeals. Reversed.

The opinion of the court was delivered by

CORLISS, C. J.  The jurisdiction of the district court to make the order appealed from is questioned by this appeal.  The proceeding of which this order was the culmination was evidently instituted under chapter 167 of the Laws of 1890 by the plaintiff to compel her husband to support her and their children living with her.  No summons was ever served or issued.  A petition was presented to the district court, and upon that an order to show cause was made and served upon the husband.  On the return day of the order to show cause, the husband appeared specially by counsel, and objected to the jurisdiction of the court over his person, for the reason that no proper steps had been taken to subject his person to such jurisdiction.  The objection was overruled, and, no cause being shown, the order appealed from was made requiring the husband to pay his wife $25 per month for her support and maintenance, and $35 as an attorney's fee.  It appears to have been the view of the trial court that this statute was intended to provide a summary method—one that would bring to the wife speedy relief where the husband had failed in his duty of support; and that, therefore, it was not intended that the dilatory proceeding by action should in such cases be resorted to.  But in actions for divorce the wife need not wait until the final decree for relief.  It is seldom that she does so wait. ' Temporary alimony is allowed *pendente lite.*  An order to show cause may be secured and served with the summons, and as speedy a hearing had as could be and was had under this statute in this case, giving it the construction placed upon it by the trial court.  It is true that permanent support cannot be decreed until after trial.  But we must assume that the court will allow what is just *pendente lite,* and this is all the wife should receive.  There was therefore no need of a more speedy remedy.  But it was important to settle the question in this jurisdiction whether an independent proceeding could be instituted to compel the performance by the husband of his duty to provide for his wife and children.  Many authorities—unquestionably the greater number—hold that no such action can be maintained; that the power of the court to compel by its decree a husband to care

for his wife and children exists only in actions for divorce, absolute or limited, as an incident thereto, and to prevent a failure of justice. On the other hand, some tribunals, with commendable adherence to principle, putting aside precedents whose spirit is narrow and technical, asserted boldly the inherent power of a court of equity to coerce the faithful discharge of this, the highest duty of man in social life, the law affording the wife no adequate redress. 1 Amer. & Eng. Enc. Law, 469, 470, and cases cited in notes. It would be almost a brutal jest to speak of the law's justice to a wife because she might carry her husband's credit into every place where necessities were to be had. He who trusts under such circumstances knows in advance that he must sue to collect. How many are willing to extend credit that they may have the pleasure of subsequent litigation? How many are willing to have their right to compensation for their merchandise depend upon uncertain questions whether the husband has supplied the wife with necessaries or with money to buy them, and upon the still more uncertain and very complicated question as to what in each particular case constitute those necessaries for which the law will hold the husband responsible? To carry with her his credit is therefore no adequate redress for the wrong he has done her. Moreover, the law frowns down unnecessary litigation. Equity abhors a multiplicity of actions. To prevent such multiplicity, equity, supplanting the law, lays hold of a controversy, and settles every phase of it. What greater encouragement to frequent and petty and bitter litigation than to bestow upon the neglected wife her husband's credit instead of a portion of his property or money? It was because of this divergence in the authorities we believe that this act was passed. Its purpose was to settle the question whether in this state, with its progressive jurisprudence, the wife should have an adequate remedy for her wrongs in this respect. We do not think its design was to innovate upon settled rules of procedure. Section 3 expressly provides that "the practice in such cases shall conform as nearly as may be to the practice in divorce cases, and the court shall have power to enforce its orders as in other equity cases." The implication from this phrase "other equity cases,"

seems to be irresistable that a proceeding under this statute is a case in equity. This is precisely what such a proceeding is in those jurisdictions in which the right to compel support independently of a divorce action is upheld. It is strictly a case in equity. A case in equity is instituted by the service of a summons. The provision that the practice shall conform as nearly as may be to the practice in divorce cases is significant. This gives the right to apply for temporary support before a final hearing can be had. That is the practice in divorce cases. This right confers upon the wife the same speedy remedy which she would enjoy should she sue for a divorce, and we do not see how the wife could ask for or how the legislature could grant her a more speedy remedy consistent with a full and fair hearing. She can secure temporary alimony in the divorce case, and temporary support when she proceeds under the statute, within a few days after commencing her action. The strongest circumstance in support of our view is the omission of the statute explicitly to provide any process for bringing the defendant into court different from that ordinarily employed. The statute, merely declares that the wife may apply to the district court by petition. What is to be done by the court when this petition is presented to it is not indicated. There is absolute silence as to the practice from the time of the presentation of the petition down to the hearing, unless we give meaning to that general provision which declares that "the practice in such cases shall conform as nearly as may be to the practice in divorce cases." No specific procedure is prescribed. To hold that the issuance and service of a summons is necessary to jurisdiction is consistent with this general provision—it preserves the harmony of judicial procedure—while to hold the contrary is to assert that the legislature intended that the court should devise process of its own for bringing in the defendant. And why, it is asked, was not that process designated? This could have been done easily. Is not the silence of the statute in this regard conclusive that the legislature considered that such process had been prescribed by the general provisions that the practice in divorce cases should apply as nearly as possible? While we are not so clear in our views as we would wish to be,

yet we believe that our construction has more reasons in favor of it than the contrary interpretation. It is certainly safer; it conforms to settled rules of practice, the wisdom of which has been thoroughly tested, and it keeps the practitioner within known highways, instead of asking him to explore at his peril an unknown territory. We think the issuance and service of a summons was jurisdictional, and therefore the order of the district court is reversed, and the proceedings dismissed. All concur.