JAMES G. FREEMAN *vs.* ELLA B. LAWTON *et al.*

Submitted on briefs Oct. 2, 1894. Affirmed Oct. 26, 1894.

No. 9008.

**Agency, proofs of examined.**

Evidence *held* sufficient to justify a finding that a husband had authority from his wife to accept in her behalf a conveyance of land.

Appeal by defendant, Ella B. Lawton, from an order of the District Court of Ramsey County, *William Louis Kelly*, J., made April 4, 1894, denying her motion for a new trial.

Edgar C. Varney and wife and William A. McManigal and wife on December 28, 1888, conveyed to defendant a lot on the northeast corner of South Robert and Annapolis streets in West St. Paul. The deed stated that "the conveyance is subject to eight mortgages aggregating $2,470 all which mortgages with interest at eight per cent payable semiannually the said grantee, Ella B. Lawton, assumes and agrees to pay when due as and for a part of the consideration named in this deed." These mortgages and the notes secured thereby were made to the plaintiff by the grantors, November 1, 1888. The defendant failed to pay the notes as they fell due and Freeman brought this action against her on four of the notes and this clause in the deed, claiming she was liable personally for the amount, $920 and interest.

She answered denying that the deed from Varney and McManigal was ever delivered to her. She also denied that she ever assumed or agreed to pay the debts secured by the eight mortgages or any of them. On the trial a jury was waived. The principal question on the evidence was whether her husband, George O. Lawton, had authority to accept the deed for her as her agent. The court made findings and ordered judgment for plaintiff for the amount of the four notes. Defendant moved for a new trial. Being denied she appeals.

*Charles H. Taylor,* for appellant.

When the grant is beneficial, acceptance is sometimes presumed, but not when it imposes some obligation or when the grantee is ignorant of the conveyance. Martindale Conv., §§ 214, 219, and cases cited; *Stuart* v. *Hervey,* 36 Neb. 1; *Hibberd* v. *Smith,* 67 Cal. 547; *Rogers* v. *Carey,* 47 Mo. 232.

No expressed or actual authority from defendant to George O. Lawton to make the covenant or accept delivery of the deed in question is claimed. Nor could he have had express authority, for defendant had no knowledge that such a transaction was contemplated. Such authority cannot be implied from the mere relation of husband and wife. Mechem Agency, § 63, and cases cited; *Runyon* v. *Snell,* 116 Ind. 164; *Wallace* v. *Monroe,* 22 Ill. App. 602; *Folger* v. *Peterkin,* 39 La. An. 815; *Sanford* v. *Pollock,* 105 N. Y. 450; *Three Rivers Nat. Bank* v. *Gilchrist,* 83 Mich. 253.

Evidence to constitute agency by implication must be stronger where the parties are husband and wife than where they are strangers. *Eystra* v. *Capelle*, 61 Mo. 578; *McLaren* v. *Hall*, 26 Ia. 297; *Rowell* v. *Klein*, 44 Ind. 290; *Rodgers* v. *Pike Co. Bank*, 69 Mo. 560.

The act of George O. Lawton was in effect to obligate Ella B. Lawton in her absence and without her knowledge to pay these mortgages. Such an act can only be performed under special authority, clearly shown, and not under mere general agency. Meechem Agency, § 274; Story Agency, § 87; *Graves* v. *Horton*, 38 Minn. 66; *Rossiter* v. *Rossiter*, 8 Wend. 494; *New York Iron Mine* v. *First Nat. Bank*, 39 Mich. 644; *Sewanee Min. Co.* v. *McCall*, 3 Head 620; *Folger* v. *Peterkin*, 39 La. An. 815; *Humphrey* v. *Havens*, 12 Minn. 298.

If such special authority can be implied at all, it must be from clear and positive evidence of similar acts, previously performed by him and in such manner and under such circumstances as to indicate that he possessed standing authority to perform the same act on subsequent occasions.

*Thompson & Thompson*, for respondent.

The delivery of the deed and acceptance thereof by George O. Lawton under all the facts and circumstances of this case were tantamount to a delivery and acceptance thereof by his wife, the defendant. He was her general agent in the broadest sense of that term. Mechem Agency, § 287; *Columbia Mill Co.* v. *National Bank of Commerce*, 52 Minn. 224; *Fowlds* v. *Evans*, 52 Minn. 551.

MITCHELL, J. This action was brought upon the alleged agreement of defendant to assume and pay certain mortgages upon land conveyed to her by the mortgagors.

The only question in the case is whether the evidence justified a finding that there had been a delivery by the grantors, and an acceptance by the defendant, of the conveyance containing the "assumption clause." This question can hardly admit of doubt. It is true the deed was delivered to and accepted by defendant's husband, and not by her personally; but it is familiar law that delivery, absolute, as to the grantor, made to an authorized third party, is good.

It would serve no good purpose to attempt to state the evidence at length. Suffice it to say that during at least ten years the defendant had been carrying on a somewhat extensive business, buying, selling, and trading real estate, the conduct and management of which seems to have been so entirely intrusted to her husband that she knew practically nothing about it. She could hardly name a single tract of land which she had ever owned, or whether it had been sold, and, if so, the consideration, or whether she still owned it. So far as appears, in every one of her sales, purchases, or trades, the conveyance had been delivered to or accepted by her husband. In the trade of properties out of which this suit grew, she executed and delivered to her husband a deed, without as much as inquiring the nature or amount of the consideration to be received, and, according to her own testimony, never did inquire or ascertain until after the commencement of this action, over five and a half years afterwards. These facts and others which might be mentioned, taken in connection with the confidential relation of the parties, amply justify the conclusion that the husband had authority to deliver defendants' deed to the grantees, and to accept from them, as consideration therefor, whatever he deemed expedient, whether money or a conveyance of other property.

We place our decision upon the ground that there was sufficient evidence of actual authority on part of the husband to accept the conveyance, and not upon the ground of any equitable estoppel growing out of either his apparent authority or the subsequent conduct of the defendant.

There is nothing in the point that the court erred in excluding evidence that the plaintiff had acquired title to the mortgaged premises under the foreclosure of prior mortgages. As suggested by respondent's counsel, had title been acquired under mortgages subsequent to these assumed by defendant, a very different question would have been presented.

Order affirmed.

(Opinion published 60 N. W. 667.)