FRED HENCKE *vs.* WILLIAM K. TWOMEY *et al.*

Argued Oct. 9, 1894.    Affirmed Oct. 26, 1894.

No. 8889.

The liability of a stockholder in a National Bank for its debts, arises on contract.

An action against a stockholder in a corporation to recover on his personal liability, under the statute, for corporate debts, is one "arising on contract," within the meaning of 1866, G. S. ch. 66, § 49.

Judgment and Execution in case of attachment of property of a nonresident.

Where jurisdiction is obtained, in an action against a nonresident, by attaching his property and publishing the summons, the attachment lien is not waived or lost by entering a general money judgment and issuing a general execution, where the attached property is sold on the execution.

Appeal by defendants, William K. Twomey and wife and William H. Townsend, from a judgment of the District Court of St. Louis County, *Charles L. Lewis*, J., entered March 14, 1894.

Mary E. Moses was on May 19, 1879, the owner in fee of the east half of lot twenty eight (28) in block five (5) Central Division of Duluth. She resided at Skeneateles, N. Y., and was on March 23, 1876, the owner of fifteen shares of the capital stock of the First National Bank of Duluth. This bank failed to redeem its circulating notes and on that day the Comptroller of the Currency appointed Calvin P. Bailey receiver of the Bank and afterwards made an assessment upon the shareholders of seventy five per cent of the par value of their stock. The assessment of Mary E. Moses was $1,125. On May 19, 1879, Bailey as such receiver commenced an action in the District Court of St. Louis County, Minnesota, against Mary E. Moses to recover this assessment and the summons was served on her by mailing and publication. He filed affidavits showing her to be nonresident and that she owned the real estate above mentioned and obtained an order from *O. P. Stearns*, J., for an attachment. The writ was issued and the sheriff attached the lot and other real estate. She did not appear or answer and on September 16, 1879, judgment was en-

tered in vacation by the clerk for the amount of the assessment, interest and costs, $1,383.65. No proof was made before the clerk of any of the facts stated in the complaint. On the same day a writ of execution in ordinary form was issued thereon to the sheriff and he on that day levied upon the lot and other real estate and advertised the same for sale November 12, 1879. On that day Bailey as receiver bid in and became the purchaser of the half lot for $850 and received the sheriff's certificate of sale. No redemption was made and on May 2, 1881, Bailey as such receiver sold the half lot at public auction to Andrew J. Sawyer for $1,205 and gave him a deed. Sawyer and wife conveyed to the plaintiff May 14, 1884, and he has ever since been in possession.

The defendant, William K. Twomey, believing plaintiff's title defective, obtained from Mary E. Moses and husband September 30, 1892, a quitclaim deed of this real estate and conveyed a half interest to defendant Townsend. Plaintiff then commenced this action against them under 1878 G. S. ch. 75, § 2, to determine their adverse claims. The court found plaintiff to be the owner of the half lot and ordered judgment accordingly. Judgment having been entered defendants appeal.

*J. W. Bull,* and *J. W. Reynolds,* for appellants.

The defendants contend that the judgment against Mrs. Moses is absolutely void and the sheriff's certificate no evidence of title, as the action did not arise on contract. 1878 G. S. ch. 66, §§ 54, 64, 210. The judgment is void on its face for the reason that it is a personal judgment taken against a nonresident on service by publication, and entered in vacation by the clerk of the court without any proof to establish any of the allegations of the complaint. If the action of *Bailey* v. *Moses,* was not upon contract in the sense in which that word is used in 1878 G. S. ch. 66, the judgment was void for want of jurisdiction. Ch. 66, § 6, classifies actions into different kinds. *First,* actions arising on contract either expressed or implied. *Second,* actions to recover a liability created by statute other than a penalty. The legislature had in mind here two distinct classes of actions, an action to recover a liability created by statute and an action on contract. It follows that the words "actions arising on contract" found in § 54, subd. 1; § 64, subd. 3, and § 210, subd. 3, necessarily do not

include an action to recover a liability created by statute. And as the action of Bailey v. Moses was to recover a liability created by statute, it follows that all the proceedings in that action were unauthorized and void.

In an action on contract, the complaint should set up some contract and its breach and some right of action in the plaintiff by reason of the contract. No contract made by Mrs. Moses or anybody else is referred to, or any right under any contract in any manner claimed, or any breach alleged. The only facts are the insolvency of the bank, the ownership of stock, the appointment of a receiver, and that the comptroller made an assessment on the stock held by her. *Witters* v. *Sowles,* 32 Fed. Rep. 130; *Kennedy* v. *Gibson,* 8 Wall. 498.

The contention that the liability arises on contract because the stockholder subscribes to the stock of the national bank and the law which makes him liable enters into and becomes part of his contract, and for that reason the liability is then created and afterwards exists by reason of such contract between him and the bank, has been fully disposed of by the decisions of the Federal Courts. *Witters* v. *Sowles,* 32 Fed. Rep. 130; *Terry* v. *Little,* 101 U. S. 216; *Louisiana* v. *New Orleans,* 109 U. S. 285; *McCoun* v. *New York C. & H. R. R. Co.,* 50 N. Y. 176.

Taylor in his work on corporations, section 720, says, "If the stockholder became liable by contract then he could not be released by his own act from such liability by a transfer of his stock." If the liability arose on contract then the creditors could enforce the contract against the stockholder for his own benefit, but this cannot be done. Beach Corp., § 155.

If the liability grew out of a contract between the bank and the stockholder, then it could be discharged by payment to the bank and be subject to offset, but it has been held that it cannot be satisfied by a payment to the bank and is not subject to offset. *Delano* v. *Butler,* 118 U. S. 634.

Were we to concede that the court had jurisdiction, then such jurisdiction was limited to the attached property and could only be taken against such property and the taking of a personal judgment and seizing the property on a general execution was unauthorized and void on the face of the proceedings. The jurisdiction of the court and the only notice to sustain such jurisdiction was the seizure of

the property under the attachment, and no judgment was entered against the property and enforced as such, as distinguished from a personal judgment. The defendant in that case so far as the publication of a summons went had no notice whatever of the attachment proceedings and had she read the summons as published she would have been notified that what the court proposed to do would be absolutely void for want of jurisdiction. If it be contended that the attachment of the property itself imparted notice on the thought that the owner of property occupies such a position that the seizure itself imparts notice, then the proceedings were purely *in rem*, and as no judgment was ever taken against the property seized, there is nothing to sustain its sale. *Lowry* v. *McGee*, 75 Ind. 508; *Wasson* v. *Cone*, 86 Ill. 46.

We insist that said judgment is void because it was entered in vacation by the clerk without any authority of law, and upon no order of the court, nor any proof of the facts stated in the complaint.

*S. T. & Wm. Harrison,* for respondent.

The stockholders' liability is on contract. The repeal of the statute would not impair the obligation. Creditors contract with the corporation on the faith of the individual responsibility of the stockholders. *Hawthorne* v. *Calef*, 2 Wall. 10; *Provident Sav. Inst.* v. *Jackson Place S. & B. Rink*, 52 Mo. 557; *Richmond* v. *Irons*, 121 U. S. 27.

We know of but two kinds of action, to wit: Those arising on contract whether express or implied, and those arising on tort. It cannot be said that the stockholders' liability arises on tort. It seems to us that an action on this liability created by statute is an action arising on contract implied by the statute. *Allen* v. *Walsh*, 25 Minn. 543; 1 Cook Stock & Stockholders (3rd Ed.) § 223; *Cochran* v. *Wiechers*, 119 N. Y. 399; *Bagley* v. *Tyler*, 43 Mo. App. 195; *Brown* v. *Hitchcock*, 36 Ohio St. 667; *Aultman's Appeal*, 98 Pa. St. 505; *Paine* v. *Stewart*, 33 Conn. 516; *Grand Rapids Sav. Bank* v. *Warren*, 52 Mich. 557; *Flash* v. *Conn*, 109 U. S. 371.

It has never been the practice in this state to make any reference in the judgment to the attachment issued in the case. The almost uniform practice of the bar has been to enter up a general judgment.

In Iowa and Indiana there must be a reference in the judgment to the attachment. But the general practice in other states is to treat the judgment as following without reciting previous proceedings. The action is really against the defendant's property when he has not appeared, nor been served, but has only been notified by publication. But the end in view may be consummated by a judgment personal in form. *Anderson* v. *Goff*, 72 Cal. 65; *Bagley* v. *Ward*, 37 Cal. 121; *Porter* v. *Pico*, 55 Cal. 174.

The action of the clerk in entering a default judgment is the action of the court and the fact that a particular entry is improper, unauthorized and erroneous, does not render the judgment entered void any more than if it was entered under the immediate eye and direction of the court itself. *King* v. *Remington*, 36 Minn. 15; *Hersey* v. *Walsh*, 38 Minn. 521.

MITCHELL, J.   The title to the premises in controversy all depends upon the validity of the judgment rendered in the District Court of St. Louis County, in 1879, in favor of the receiver of an insolvent national bank against Mrs. Moses, a stockholder, to recover an assessment made by the Comptroller of the Currency on her personal liability for the debts of the bank.   Mrs. Moses being a nonresident, she was proceeded against by attachment of the real estate in question, and by publication of the summons.

Under the statute then in force, in actions for the recovery of money the summons could be served on a nonresident by publication only when the action arose on contract; and it is urged that the judgment referred to was void because an action against a stockholder of a corporation to recover on his personal liability, under the statute, for the debts of a corporation, is not one "arising on contract." 1866, G. S. ch. 66, § 49.   The point is not well taken.   Upon becoming a stockholder, a party assumes the obligations imposed by the statute, which forms a part of the contract.   The contract is one implied by statute.   While the action of the Comptroller in making the assessment is essential to the receiver's right of action, yet it is not the ground of the stockholder's liability.   His liability grows out of his implied contract.

2. The summons in the action was in the form prescribed for

actions on contract for the recovery of money only; the judgment was in form a general one for the recovery of money; and the execution issued was general, and not special. Exception is taken to this practice, it being claimed that, the action being really one *in rem* against the property attached, the summons should have been in different form, and the judgment and execution special. If this were all true, the defects would be mere irregularities, which would not go to the validity of the judgment, and would not amount to a waiver of the attachment lien provided the attached property was sold on the execution, as was the fact in this case. This has been held even in those states in which the practice insisted on by counsel obtains. Am. & Eng. Enc. Law, § 8, tit. "Foreign Attachment."

But the practice adopted in this instance is the one that has been generally followed in this state from the earliest date, and we are not disposed to disturb it at this late day.

Our conclusion that the action was one arising on contract disposes of the point that application for judgment should have been made to the court, which, if true, would not have rendered the judgment void.

Judgment affirmed.

(Opinion published 60 N. W. 667.)