PHILIP YAGER *vs.* JOSEPH MERKLE.

March 19, 1880.

**Mortgage of Land by Married Woman.**—Under Laws 1869, *c.* 56, (Gen. St. 1878, *c.* 69,) a mortgage made by a married woman, living with her husband, of her real estate, her husband not joining, and the mortgage not being given to secure the purchase-money of the mortgaged land, is void. One to whom, subsequently to the making of such mortgage, such married woman has conveyed such real estate, her husband joining, may maintain an action to stop a threatened and pending foreclosure of the mortgage, and to have the mortgage declared void as a cloud upon his title.

The plaintiff brought this action in the district court for McLeod county, alleging himself to be the owner of certain described land in that county, and that on March 13, 1872, and thereafter until May 17, 1878, one Henrietta Hemcrick was the owner and seized in fee of such land, and that on the day last named, the said Henrietta, being then the owner and seized in fee thereof, duly sold the same to the plaintiff for a valuable consideration to her paid by the plaintiff, and on the same day, the said Henrietta duly conveyed the premises to the plaintiff by a deed with full covenants, duly executed by herself and her husband, Michael Hemerick, who joined with her in said deed. That on March 13, 1872, the said Henrietta was and has ever since been and now is a married woman, the wife of said Michael, with whom she has during all said period lived and resided in this state.

The complaint further alleges that on said March 13, 1872, the said Henrietta signed and executed a mortgage for $670 upon said land to the defendant, which mortgage was not given or executed to secure the purchase-money of such land nor any part thereof; that her said husband whose wife she then was, and with whom she was then living in this state, did not join with her in executing said pretended mortgage, and has never signed or executed the same, and has never consented to the execution thereof by his wife; and that on

May 1, 1872, the defendant caused said mortgage to be recorded, and the same remains on the records unsatisfied; that said mortgage and the record thereof are null and void, and are a cloud on plaintiff's title to said land. The plaintiff charges that the mortgage was obtained by fraud and intimidation, and was without consideration, but in view of the disposition made of the case, the averments on this subject became immaterial.

The complaint further alleges that the defendant is about to foreclose the said pretended mortgage by publication, and has published notice thereof, etc., and will, unless enjoined from so doing, sell the land in such foreclosure proceedings. The prayer for judgment is that the defendant, his agents, etc., be perpetually enjoined from foreclosing said pretended mortgage; that the same be delivered up, cancelled, and declared void, and that the record thereof be cancelled and declared void, and the cloud on plaintiff's title removed.

The defendant in his answer puts in issue the charges of fraud, intimidation and want of consideration, admits the title of Henrietta Hemerick, and that she is and was a married woman, the wife of Michael Hemerick, during the time and as stated in the complaint.

Further answering, the defendant alleges that prior to and on said March 13, 1872, the said Michael was indebted to the defendant in the sum of $665, upon a promissory note made on November 21, 1871, and payable two years thereafter, with interest at 12 per cent. per annum, which note was secured by a mortgage, bearing the same date and made at the same time, upon a large quantity of the personal property of said Michael, in amount and value amply sufficient to secure the payment of the sum named in the note, and which mortgage had been duly executed, acknowledged and filed. That on March 13, 1872, the said Henrietta and the said Michael, who was anxious to dispose of the personal property so mortgaged to the defendant, requested the defendant to release, cancel and surrender the said chattel mortgage, and

to take and receive, in the place and stead thereof, as collateral security for the payment of the sum then due on said note, a mortgage on the land described in the complaint; and that on said March 13, 1872, at the instance of said Henrietta and Michael, and at their request aforesaid, and in consideration of receiving, in the place and stead of the said chattel mortgage, a real-estate mortgage on the land described in the complaint, and not otherwise, the defendant released, discharged and cancelled the said chattel mortgage, and the said Henrietta, at the same time, in consideration of such release, etc., of said chattel mortgage, in the presence of her said husband, and at his request and solicitation, and for his benefit, and not otherwise, did duly execute, acknowledge and deliver to the defendant the mortgage described in the complaint.

The defendant further alleges that no part of the sum named in the note has ever been paid; that at the date of the execution and delivery of said real-estate mortgage the said Michael was, has ever since been, and now is insolvent; and that there has been no time since the making of the said chattel mortgage when the collection of said note could be enforced, or any part of the debt specified therein collected from said Michael; and that unless the lien created by said real-estate mortgage on said land be declared to be valid, and is enforced, the defendant will be unable to collect his said note or any part of the sum due thereon. He also charges that at the time when he took his conveyance of the land, and for a long time prior thereto, the plaintiff had notice of and well knew of the rights and equities of the defendant in and to the said land, as the same are heretofore stated and set forth. Judgment is demanded declaring said mortgage a lien on said land, directing a sale of the land to satisfy such lien and the amount secured thereby, and declaring plaintiff's title to be subject to the lien and rights of the defendant.

A demurrer to the answer, on the ground that the facts

stated do not constitute a counterclaim or defence, was sustained by *Macdonald*, J., and the defendant appealed.

*L. L. Baxter*, for appellant.   Except as restrained by statute, the wife has control over her separate estate, for all purposes, as fully as she would have if unmarried. *Carpenter* v. *Leonard*, 5 Minn. 119 (155;) *Kingsley* v. *Gilman*, 15 Minn. 59.   And she may become surety for her husband, and pledge her separate estate to secure his debts. *Wolf* v. *Banning*, 3 Minn. 133 (202;) *Northwestern Mut. Life Ins. Co.* v. *Allis*, 23 Minn. 337.   In this case, as the mortgage was given at the request of both husband and wife, for the benefit of the husband, and they both actually joined in the transaction, and in inducing the defendant to part with his former ample security for the security furnished by the wife's mortgage, this last mortgage operates as a charge and lien on the wife's separate estate, which equity will enforce.   Equity interposes to prevent, but does not aid in the perpetration of fraud.

*Edson & Little*, for respondent.

BERRY, J.   On March 19, 1872, Henrietta Hemerick executed, acknowledged, and delivered to the defendant a mortgage upon certain real estate, of which she was owner in fee simple.   She was a married woman, living with her husband, but he did not join in with her in the mortgage.   The mortgage was not given to secure purchase-money of the mortgaged land.   It was duly recorded.   On May 17, 1878, the said Henrietta, her husband joining, sold and duly conveyed the land to the plaintiff, who brings this action to prevent a threatened and pending foreclosure of the mortgage, and to remove the cloud created by it upon his title.   The statute in force at the time of the execution of the mortgage—Laws 1869, *c.* 56, (Gen. St. 1878, *c.* 69,)—provides, in section 2, "that no conveyance or contract for the sale of real estate, or of any interest therein, by a married woman, other than mortgages on lands to secure the purchase-money of such lands, and leases for terms not exceeding three years, shall be valid, unless her husband shall join with her in such conveyance,"

with a saving not here important. There is no doubt that, under this statute, the mortgage involved in this case is void. The principal fact which makes it void, to wit, that the person executing it is a married woman, does not appear upon the face of the mortgage or of its record. But, to avoid the mortgage, this fact must be shown by extrinsic evidence. The mortgage is, therefore, a cloud upon the plaintiff's title, in the sense in which that term is used in equity. The mortgage being void under the statute, and a cloud upon plaintiff's title, he is clearly entitled to have the foreclosure proceedings stopped, and the mortgage declared void.

The order sustaining the plaintiff's demurrer to defendant's answer is affirmed.