### MARIA B. NELL *vs.* MAY I. DAYTON and Husband.

### May 7, 1890.

**Requisites of Estoppel in Pais.**—To create an equitable estoppel, the party claiming it must have done something, or in some way changed his position for the worse, in reliance upon the conduct of the other party, so that he will not be left, or cannot be put back, in his former condition, in case such other party is allowed to assert his original rights.

**Same—Deed of Married Woman.**—Assuming that a married woman may, by her conduct, be estopped from asserting her incapacity, by reason of her coverture, to execute a sole deed of her real estate, *held*, that the facts of this case were insufficient to create any such estoppel against the plaintiff.

Plaintiff brought this action in the district court for Hennepin county against defendant May I. Dayton and her husband, Lyman C. Dayton, (plaintiff's son by a former husband, Lyman Dayton,) to avoid the deed mentioned in the opinion. The defendants appeal from an order of *Young*, J., refusing a new trial.

*Shaw & Cray*, for appellants.

*S. A. Reed* and *Hale & Peck*, for respondent.

MITCHELL, J. This action was brought to have a deed of certain

real estate, executed by plaintiff to defendant May I. Dayton, adjudged void on the grounds, *first*, that it was obtained by duress, and without consideration; and, *second*, that the plaintiff was a married woman, and her husband did not join with her in the conveyance. The court found that, while the means used by the defendant Lyman C. Dayton to induce plaintiff to execute the deed were unfilial and reprehensible, yet they did not in law constitute duress; but he further found that the deed was void because the plaintiff was a married woman, and her husband did not join in the conveyance. Gen. St. 1878, c. 69, § 2; *Place* v. *Johnson*, 20 Minn. 198, (219;) *Yager* v. *Merkle*, 26 Minn. 429, (4 N. W. Rep. 819;) *Tatge* v. *Tatge*, 34 Minn. 272, (25 N. W. Rep. 596, and 26 N. W. Rep. 121;) *Gregg* v. *Owens*, 37 Minn. 61, (33 N. W. Rep. 216.) The court also finds that no consideration was ever paid by the defendant, or received by the plaintiff, for the conveyance. The evidence is undisputed that the land was the property of the plaintiff; that at the time of the execution of the deed she was a married woman; and that her husband did not join with her in the conveyance.

The main contention of the defendants is that plaintiff is estopped by her conduct from asserting her coverture as a ground of avoiding her deed; and much of the argument of counsel is directed to the question whether a married woman can ever be thus estopped from asserting her incapacity, by reason of coverture, to execute a sole deed of her real estate. It is unnecessary for us to consider or decide this question; for, conceding that a married woman may be thus estopped, and assuming as true every fact favorable to the defendants which there is any evidence tending to prove, there is nothing in this case to create any such estoppel against the plaintiff. Taking as true that plaintiff concealed her marriage, and represented herself to the defendants as being a single woman, and that they received the deed under the belief that she was such, yet there is not a particle of evidence that the defendants, or either of them, ever paid any consideration for the deed, or have ever parted with anything of value for it, or in any manner changed their situation for the worse in reliance upon it. It is not pretended that defendants ever paid, or that plaintiff ever received, any monied consid-

eration for the conveyance. It is claimed, however, that it was executed in pursuance of the written contract, Exhibit I, the title being conveyed to May I. Dayton, instead of Lyman C. Dayton, at his direction, and that this contract shows a valuable consideration for the deed. It must be conceded that if Exhibit I had been a valid contract, which both parties had legal capacity to execute, the covenants and agreements therein contained to be kept and performed by Lyman C. Dayton would constitute a sufficient consideration for the deed. But it is an undisputed fact that plaintiff was a married woman when she executed this contract; and, it being one "for the sale of her real estate," she was under the same disability to execute it as she was to execute the deed.

It will be observed that this contract was, and, so far as the evidence shows, is still, wholly executory on part of Lyman C. Dayton. By its terms he was (1) to pay a mortgage on blocks 41 and 42; (2) to give a quitclaim deed of the balance of the property belonging to the estate of his father, Lyman Dayton, deceased; (3) not to probate "the second will and codicil" of Lyman Dayton. The evidence shows that defendant Lyman C. Dayton has never paid any part of this mortgage, but has allowed it to be foreclosed, and the premises to be sold in satisfaction of the mortgage debt. It also shows that he has never executed the quitclaim deed. The only thing he claims to have done or refrained from doing, in reliance upon either the contract or the deed, is that he took no steps to establish the so-called "second will and codicil of Lyman Dayton," and that a decree of court has been made refusing to admit it to probate. But there is not a particle of evidence that this instrument was valid or genuine; or, if so, that its provisions would have benefited him, or injured the plaintiff, had it been admitted to probate. The defendants stood in the case with it established that the deed by plaintiff was void, unless facts existed which would equitably estop her from asserting its invalidity; and the burden was upon them to affirmatively prove such facts. The consideration purported by the seal to the deed would not establish an estoppel. To support an estoppel there must be something more substantial than a mere technical or nominal consideration for the contract. An equitable estoppel is the effect of the

voluntary conduct of a party, whereby he is absolutely precluded from asserting rights which might otherwise exist as against another person, who has in good faith relied upon such conduct, and has been thereby led to change his position for the worse, and who, on his part, acquires some corresponding rights. The doctrine is founded upon equity and good conscience; and the party claiming the estoppel must have done something, paid something, or in some way changed his position for the worse, so that he will not be left, or cannot be put back, in his former condition, in case the other party is allowed to assert his original rights. Nobody ought to be estopped from averring the truth, or asserting a just demand, unless by his acts, words, or neglect his now averring the truth or asserting the demand would work some wrong to some other person, who had been induced to do something, or abstain from doing something, by reason of what he has said or done, or omitted to say or do. Nothing of this kind has been shown in this case. So far as appears, if this deed is held void, defendants will be left in precisely the same condition as they were before either it or the contract, "I," was executed; for it goes without saying that, if the contract referred to is in fact void as to plaintiff because of her coverture, the defendant is not bound to perform his part of it. In view of these facts, to say nothing of the objectionable means by which the deed was obtained, there exist no equities in favor of defendants which entitle them to invoke the doctrine of equitable estoppel against the plaintiff; and there was no evidence in the case which would have justified the court in finding facts sufficient to entitle them to do so.

Order affirmed.