DAYTON B. HOLCOMB v. FANNIE STAFFORD.[1]

October 18, 1907.

Nos. 15,352—(44).

**Broker's Commission—Sale at Net Price.**

The owner of real property agreed to allow a broker as a commission in effecting a sale thereof all he could obtain for the property above a fixed amount. *Held* that, to entitle the broker to a commission in such case he must produce a purchaser ready, able, and willing to purchase the property for a price exceeding the amount fixed by the owner. He is not entitled to the reasonable value of his services, where the purchaser produced by him is willing to pay no more than the price so fixed by the owner, though the property be sold to him.

**Findings—Evidence.**

Findings of the trial court *held* sustained by the evidence.

Action in the municipal court of Minneapolis to recover a commission for services in making a sale of real estate. The case was tried before Waite, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Morley & McElmeel,* for appellant.

*Geo. E. Young,* for respondent.

BROWN, J.

Action to recover a commission alleged to have been earned by plaintiff on the sale of certain real property for defendant. The cause was tried below without a jury, resulting in judgment for defendant, and plaintiff appealed from an order denying a new trial. The only

[1]Reported in 113 N. W. 449.

question presented in this court by the assignments of error is whether the findings of the trial court are sustained by the evidence.

Defendant owned certain real estate in the city of Minneapolis, which she offered to sell for $500 net to her, and agreed to allow plaintiff as a commission in procuring a purchaser all he could obtain for the property in excess of that amount. Under the terms of his agreement plaintiff could claim a commission only in the event he procured a purchaser for the property at a price in excess of $500; the excess being the measure of his commission. If he procured no purchaser ready, able, and willing to pay more than that amount, he earned nothing, and the court correctly awarded judgment against him. Antisdel v. Canfield, 119 Mich. 229, 77 N. W. 944; Beatty v. Bussell, 41 Neb. 321, 59 N. W. 919; Ames v. Lamont, 107 Wis. 531, 83 N. W. 780. Plaintiff procured a purchaser to whom defendant sold the property for $500.

It was contended on the trial below that the purchaser to whom defendant made the sale was induced to buy the same by the efforts of plaintiff, and agreed to pay therefor the sum of $525; that, when he was presented to defendant as a purchaser, she was so informed; and that, notwithstanding this agreement, defendant finally closed the sale at $500. If this were an undisputed fact in the case, plaintiff would be entitled to his commission. If the purchaser to whom defendant sold the property in fact agreed to pay more than $500, as claimed, and defendant was informed of that fact before completing the sale, and she deliberately took a less sum, she would be liable. But the asserted fact was not undisputed. Defendant denied that the purchaser agreed to pay any amount in excess of $500, or that she was ever informed that he had so agreed with plaintiff. On the contrary, she testified that the purchaser at all times refused to pay more than $500. This put in issue the contention of plaintiff and presented a question of fact for the trial court. The court resolved it against plaintiff, and our examination of the record leads to the conclusion that the finding should not be disturbed. A discussion of the evidence would serve no useful purpose.

The case of Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426, is not in point. There the brokers' agreement entitled them to a commission of $300 for procuring a purchaser at an agreed purchase price,

which price the owner subsequently reduced in closing a sale brought about by the brokers. Here the broker was entitled to the excess over and above the net price to the owner, and he was not entitled to a commission, except on procuring a purchaser ready, able, and willing to pay more than that price. Defendant was under no obligation to make an effort to induce the purchaser to pay more than the price given plaintiff. The burden was upon plaintiff to bring forward the purchaser, and he was not entitled to the reasonable value of his services.

Order affirmed.