## FLORENCE DORSEY v. CYRUS N. DORSEY.[1]

### April 25, 1919.

### No. 21,222.

**Mortgage — husband and wife mortgagees — interest of each may be shown.**

1. Where a mortgage runs to husband and wife, it is presumed that their respective interests in the debt it secures are equal, but such presumption is not conclusive and the true interest of each may be shown.

**Divorce — support of wife.**

2. Under G. S. 1913, § 7140, the court has power to decree a specific portion of the property of the husband to the wife for her support.

**Same — decree of court construed.**

3. The court directed the husband to pay off a mortgage on his homestead which was occupied by his wife and children and to pay $50 per month for their support. If he failed to do so, he was ordered to pay her $60 per month and to pay the interest on the mortgage and the taxes on the homestead. *Held*: That the former alternative was optional, while the latter was obligatory in case performance of the first was refused.

**Same — amount not excessive.**

4. The foregoing provision for the support of a wife and two minor children was not excessive, the husband's earning capacity being $150 per month.

**Same — right to visit children.**

5. The defendant should have been granted leave to visit his children at reasonable times. A new trial is unnecessary to enable him to obtain this privilege. He may obtain it by application to the district court after the case has been remanded.

Action in the district court for Hennepin county for limited divorce and for alimony. In his cross-complaint defendant sought an absolute divorce. The case was tried before Dickinson, J., who made findings and held that neither party was entitled to a divorce; that plaintiff was entitled to continue to occupy the homestead, but that she release $600

[1]Reported in 171 N. W. 933.

of $2,000 received by her upon the payment of a joint note to pay a mortgage on the homestead, and that she have $50 a month for maintenance of her minor children. From an order denying his motion for amended and additional findings or for a new trial, defendant appealed. Affirmed.

*Paul J. Thompson, John Ott* and *Iver C. Nelson,* for appellant.

*S. R. Child* and *N. E. Pardee,* for respondent.

LEES, C.

This is an action by a wife against her husband for a limited divorce, wherein the latter, by answer and cross-complaint, sought to obtain an absolute divorce. Each charged the other with cruelty, but the court found that the respective charges were not sustained by the evidence, and both parties were denied a divorce. The court found, however, that plaintiff was entitled to separate maintenance for herself and her minor children and directed the entry of judgment therefor. Defendant appeals from the order denying his motion for a new trial.

From the findings these facts appear:

The parties were married in 1899 and lived together until May 9, 1916, when defendant left the family home and has not since returned. He is 52 years old and his wife is 45. They have three children, a daughter now of age, and a boy of 12 and a girl of 10 years living at home with their mother. Plaintiff, at the time of her marriage to defendant, had two children by a former husband, both of whom were supported by defendant after he married her and until they became of age. He is a locomotive engineer, receiving an average wage of $150 per month at the time of the trial, and his earning capacity is increasing. He has always provided well for his family, and plaintiff has always been a dutiful wife and a devoted mother to his children. He owns a house and lot in the city of Minneapolis. This property is the family homestead and plaintiff and her minor children live there. It is mortgaged for $600. Plaintiff owns and has title to a vacant lot adjoining the homestead. A note and mortgage for $2,000 running to both parties has been paid since the action was begun, by the deposit of the money with a third party to be turned over as soon as they unite in giving a satisfaction of the mortgage.

The conclusions of law were that plaintiff was entitled to retain the custody of the children and to receive support from defendant. She was given the right to continue to occupy the homestead, and was required to join with defendant in executing a satisfaction of the $2,000 mortgage, and he was required to pay off the $600 mortgage on the homestead and to pay one-half of the remainder of the $2,000 to his wife. In addition to the money she was to receive from this source, she was awarded $50 per month, to be paid by defendant until the further order of the court. If he refused to consent to the disposition of the $2,000 which the court made, he was required to pay $60 per month for the support of his wife and children, and also the taxes on the homestead and interest on the $600 mortgage thereon.

1. Defendant complains of the disposition made of the $2,000 note and mortgage. He contends that they belong to him; that his wife had no financial interest in them, and that a court has no power to compel a husband to divide his property with his wife in a judgment for separate maintenance.

It appears that in the fall of 1911 these parties bought a small farm near Minneapolis for $2,100. Twelve hundred dollars was paid by defendant and $900 by turning in a lot, the title to which stood in the name of both parties. Plaintiff and her children lived on the farm about 2½ years. It was then sold for $3,000, and the note and mortgage in question represent part of the consideration of the sale.

Where two persons are named grantees in a deed, the presumption is that their interests in the land conveyed are equal. This presumption, however, is not conclusive and the true interest of each may be shown. Campau v. Campau, 44 Mich. 31, 5 N. W. 1062; Keuper v. Mette, 239 Ill. 586, 88 N. E. 218; Adams v. Leavens, 20 Conn. 73; Bittle v. Clement, 54 Atl. 138; In re McConnell, 197 Fed. 438; 38 Cyc. 74. The fact that grantees are husband and wife does not change the rule. Semper v. Coates, 93 Minn. 76, 100 N. W. 662; Kersten v. Kersten, 114 Minn. 24, 129 N. W. 1051. We find no evidence in the record tending to rebut the presumption that these parties are equal co-owners of the note and mortgage, aside from the fact that the greater portion of the purchase price of the farm was furnished by defendant. We think this fact alone is insufficient to overcome the presumption. Defendant may

have been willing to give his wife an interest in the note and mortgage equal to his own. If it was agreed that her interest should be less than his, no proof of the agreement was offered, hence the trial court would have been fully justified in regarding the note and mortgage as the property of the parties equally. So regarded, plaintiff was not awarded any of her husband's property, but merely had a portion of her own restored to her.

On the other hand, if the court was of the opinion that the plaintiff's interest in the note and mortgage was so much less than her husband's that the effect of the disposition made of them was to transfer property of the husband to the wife, it is our opinion that no error was committed.

We do not construe G. S. 1913, § 7140, as counsel for defendant would have us construe it. It provides that support for the wife and children may be decreed out of the husband's "property or earnings, as the nature of the case renders suitable and proper." We think this language broad enough to authorize provision for the support of a wife out of her husband's property to be made by decreeing a specific portion thereof to her for that purpose. The cases cited to sustain a different construction of the statute are not applicable. They were decided in states having statutes expressly limiting the power of the court to divide the husband's estate between him and his wife to cases where a divorce was granted.

2. It may be conceded that a court has no power to compel a husband, when defendant in a divorce suit, to pay a mortgage on his homestead, in order to protect his wife in her occupancy thereof. There was no attempt to do so in this case. Defendant was directed to pay off the mortgage and to pay $50 per month to his wife, or, failing in this, he was required to pay her $60 per month and allow the mortgage to stand. The latter alternative was obligatory if the former was not complied with, while performance of the former was left wholly optional with him.

3. We do not sustain the contention that the amount allowed plaintiff for maintenance is excessive. On the contrary, we regard the provision made for her support as moderate and well within the limits of the sound discretion of the trial court.

4. Defendant should be allowed to visit the children at reasonable

times, and his application for an amendment of the findings in that respect should have been granted. He may renew the application when the case is remanded to the district court. A new trial is unnecessary to enable him to obtain this privilege.

Order affirmed.