## ROYCE G. HOMAN v. ARTHUR E. BARBER.[1]

July 8, 1921.

No. 22,376.

**Broker — action for commission — judgment upon pleadings.**

The complaint alleged that the plaintiff secured a purchaser for the defendant's land at a fixed sale price and thereby earned an agreed commission of one dollar per acre. The defendant claimed that the sale price fixed was net to him and that the plaintiff was to have as his commission all in excess; that the plaintiff sent a purchaser to whom he sold at the price fixed; that the purchaser would give no more, but that he induced the purchaser to promise to pay the plaintiff a commission of one dollar per acre. On a motion for judgment on the pleadings they are to be construed favorably to the party against whom judgment is asked, and it is *held* that it was error to order judgment on the pleadings in favor of the plaintiff.

Action in the district court for Yellow Medicine county to recover $400 commission on a sale of land. Plaintiff's motion for judgment on the pleadings was granted, Daly, J. From the judgment entered in favor of plaintiff, defendant appealed. Reversed.

*Bert O. Loe,* for appellant.

*C. A. Fosnes,* for respondent.

DIBELL, J.

The defendant appeals from a judgment for the plaintiff on the pleadings.

The action is to recover a commission on the sale of 400 acres of land owned by the defendant. The complaint alleges that on May 10, 1919, the plaintiff and the defendant entered into an agreement whereby the plaintiff, if he procured a purchaser for the land at $150 per acre, was to have a commission of one dollar per acre; that on the eighth day of June he procured a purchaser, and that the defendant on June 9 sold the land to the purchaser for $150 per acre on acceptable terms.

[1]Reported in 184 N. W. 19.

The answer, in addition to the general denial, alleges that prior to June 9, 1919, defendant listed his land with the plaintiff at $150 per acre net to him; that about the date stated the plaintiff notified him that he had sent a prospective purchaser and asked him to protect him in a commission of one dollar per acre, if the sale were effected; that he promised that he would try to do so; that the prospective purchaser offered $150 per acre and refused to pay more; that to protect the plaintiff in a commission the defendant agreed with the purchaser that he, the purchaser, would pay the plaintiff a commission of one dollar per acre; that he was unable to effect a sale at a price in excess of $150 per acre, except on the terms stated, and that he sold at that price. The reply was a general denial.

The plaintiff's motion for judgment was not granted upon the theory that he was entitled to one dollar per acre commission, if he procured a purchaser at $150 per acre. While this was his claim of what the contract was, the answer put his claim in issue. It was granted upon the ground that the defendant's answer showed a right of recovery in the plaintiff.

The case of Holcomb v. Stafford, 102 Minn. 233, 113 N. W. 449, is of value. There the owner agreed that the broker should have all that he could obtain for a piece of property in excess of $500. He procured a purchaser at $500, and the owner sold to him for that amount. The court said: "Under the terms of his agreement plaintiff could claim a commission only in the event he procured a purchaser for the property at a price in excess of $500; the excess being the measure of his commission. If he procured no purchaser ready, able and willing to pay more than that amount, he earned nothing, and the court correctly awarded judgment against him." And the court said further: "Here the broker was entitled to the excess over and above the net price to the owner, and he was not entitled to a commission, except on procuring a purchaser ready, able and willing to pay more than that price. Defendant was under no obligation to make an effort to induce the purchaser to pay more than the price given plaintiff."

The defendant says that the listing was $150 net; that he promised the plaintiff, when informed that he had sent a prospective purchaser, to

try to protect him in a commission of one dollar per acre; that he did try to do so; that the prospective purchaser would give no more, and that he closed at a price of $150, getting from the purchaser, however, a promise to take care of the plaintiff to the extent of one dollar per acre. That was the result of his effort to protect the plaintiff in a commission.

It may appear, when the evidence comes in, that the contract was to pay one dollar commission if a purchaser was procured at $150 per acre. If so, the plaintiff is entitled to his commission. It may be that the defendant sought to relieve himself of the burden of his contract with the plaintiff by exacting from the purchaser a promise to pay the commission. Of course he could not shift the burden so. Or on a trial it may be shown that the sale was really at a net price of $150 per acre and the arrangement whereby the purchaser was to pay one dollar per acre was but a subterfuge. We do not know what the evidence may show.

In determining whether the motion was rightfully granted, we have in mind the rule that the pleadings must be construed favorably to the party against whom the judgment is asked. 2 Dunnell, Minn. Dig. and 1916 Supp. §§ 7689-7694. The answer is not a model one, but the pleadings do not show that the plaintiff has an undisputed right of recovery.

Judgment reversed.