## J. L. GESSELL AND WALTER J. GESSELL, COPARTNERS AS J. L. GESSELL & SON v. PATRICK J. FLYNN.[1]

June 8, 1923.

No. 23,313.

**Construction of contract with broker.**

1. A contract by which the owner of real property grants to a broker authority to sell the same at a net price to the owner is not one of employment entitling the broker to the reasonable value of his services in efforts to bring about a sale.

**Broker's compensation for sale when owner is to receive net price.**

2. The measure of the broker's compensation in such case is the amount in excess of the net price to the owner for which he effects a sale. Holcomb v. Stafford, 102 Minn. 233, followed and applied.

[1] Reported in 194 N. W. 20.

**Perhaps otherwise when owner fraudulently interferes with sale.**

    3. The situation as to compensation might be different where the owner fraudulently interferes and prevents a sale by the broker.

**Exercise of owner's right to sell not necessarily fraud on broker.**

    4. An exercise of the right, expressly reserved to the owner by the contract to himself sell the land notwithstanding the authority granted the broker does not, on the facts here presented, constitute a fraudulent interference with the broker.

Action in the district court for Ramsey county to recover $640 commission for the sale of land. The case was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiffs. From that part of the order denying his motion for amended findings and conclusions or for a new trial and from the order granting plaintiffs' motion for an amended complaint, defendant appealed. Reversed.

*Moore, Oppenheimer, Peterson & Dickson* and *Frank C. Hodgson,* for appellants.

*McGrath & Morse,* for respondents.

BROWN, C. J.

Plaintiffs are real estate dealers doing business at Hanley, Saskatchewan, Canada. Defendant, a resident of St. Paul, this state, owned a tract of land in that neighborhood which he listed with plaintiffs for sale. On the theory and claim that they as agents for defendant procured a purchaser for the land, to whom defendant subsequently sold it, plaintiffs brought this action to recover the reasonable value of their services in the matter. They had a verdict and defendant appealed from an order denying a new trial.

The facts are not in dispute. The parties were not strangers; other business relations were had between them prior to the date of this transaction. The authority of plaintiffs to sell the land in question arose from correspondence between the parties, it being expressly granted by a letter written and transmitted to plaintiffs, in the following language:

"We note in your letter that you think you may be able to sell this section of land for us. Of course, we would prefer to sell the section as it is so far away from us.

"We have decided to make you a price of eighteen thousand dollars ($18,000) net to us for the section. We will want two thousand dollars ($2,000), cash net to us—the balance in eight (8) payments of two thousand dollars ($2,000) each at 6% interest, the interest payable annually. * * *

"Now it seems to us this is a very reasonable net price, and that you should be able to sell this farm for us, especially as we only ask $2,000 cash net to us as a first payment.

"We, of course, reserve the right to sell this land ourselves, or to change the price or withdraw from sale without notice. Kindly let us know whether you believe you can sell this section for us this spring, and oblige."

The letter bears date April 24, 1917. On September 24, 1917, defendant again wrote plaintiffs inquiring about the prospect of a sale, in part as follows:

"On April 24th, I quoted you a very low price and easy terms, * * * and it seems to me that you should be able to sell it at that figure. * * * Of course, I reserve the right to sell this land myself, or thru any one else, or to change the price or withdraw it from sale without notice."

Plaintiffs accepted the agency and authority thus conferred and made an effort to sell the land, but were not successful. They showed the farm to several prospective buyers, included therein being one Stangland, but closed no sale and reported no specific negotiations to defendant with any of them. Stangland, in October, 1917, took the matter up direct with defendant, and negotiations between them resulted in a sale of the farm to him for the cash consideration of $16,000; two thousand dollars less than the list price given plaintiffs. Plaintiffs were in no way connected with the final negotiations, though they made claim to a commission before they were completed on the theory that they had first brought the matter

to the attention of Stangland, and therefore were entitled to reasonable compensation.

The action is to recover the reasonable value of services so claimed to have been rendered in bringing about the sale to Stangland. The learned trial court granted that relief, awarding to plaintiffs the sum of $640. We are unable to sustain that view of the case. The facts, which are not in dispute, bring the controversy within the rule stated and applied in Holcomb v. Stafford, 102 Minn. 233, 113 N. W. 449; followed later in Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L. R. A. (N. S.) 254, Ann. Cas. 1915C, 882, and Homan v. Barber, 149 Minn. 421, 184 N. W. 19. The case of Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426, for the reason stated and pointed out in the Holcomb and Bentley cases is not in point.

Plaintiffs here were granted the right to sell the land at a net price to defendant. It was not a contract of employment and contained no reference to a commission for services rendered in effecting a sale. Plaintiffs would not therefore be entitled to remuneration, unless they performed the contract by a sale of the land at a price above that fixed by the owner, or produced a purchaser ready and able to buy the property at that price. There is in such case no right to reasonable compensation for services rendered in efforts to sell the property. The case cannot be distinguished from those cited. The rule there applied is followed by the authorities generally. 9 C. J. 581, and citations. The situation might be rendered somewhat different in a given case, by the fraudulent interference of the owner in pending negotiations by the broker, in a sale to a purchaser produced by him, at a price less than that agreed upon between the purchaser and broker. No such fraud, however, appears in the case at bar. By the contract vesting in plaintiffs the right to sell the property at a net price to defendant, the right of defendant himself to sell notwithstanding the agency, or to change the price, or to withdraw the land from the market, without notice to plaintiffs, was expressly reserved to defendant. And, in making the sale in question, defendant but exercised the right so reserved. The record will not justify the conclusion of fraud or collusion to defeat the rights of plaintiffs. They had authority to sell at the net price

stated, but failed to do so. Defendant in no way wrongfully interfered with their efforts, and was at liberty under the contract to reduce the selling price as he deemed best in the presence of an opportunity to sell. There was no fraud or other wrong in his acts or conduct in that respect or otherwise.

This covers the case and all that need be said in disposing of the points presented. Plaintiffs failed to show a performance of the agency contract by producing a purchaser under the terms of this agency, and are therefore not entitled to recover.

Order reversed.