# AUGUSTA GOSTOMEZIK v. JOSEPH GOSTOMEZIK AND OTHERS.[1]

March 2, 1934.

No. 29,714.

*Gallagher, Madden & Gallagher,* for appellants.
*H. G. Dressel* and *Moonan & Moonan,* for respondent.

*DIBELL, Justice.*

Action to quiet title. The plaintiff is the widow of Stephen Gostomezik. Certain of the defendants, children of Stephen Gosto-

[1]Reported in 253 N. W. 376.

mezik, answered. The plaintiff replied. The plaintiff moved for judgment on the pleadings. The motion was oral. It was granted. The order granting it was oral. The defendants moved for a new trial and appeal from the order denying it. The error claimed is the order granting the motion for judgment on the pleadings.

■ A motion for judgment on the pleadings is not a favored way of testing the sufficiency of a pleading. Such a motion is not a substitute for a demurrer. It will not be sustained if by a liberal construction the pleading can be held sufficient. McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134; Robertson v. Corcoran, 125 Minn. 118, 145 N. W. 812; Bell v. Friedman, 161 Minn. 406, 201 N. W. 614; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7694, and cases cited.

■ On October 25, 1904, the owner of a farm in Le Sueur county entered into a written contract to convey it to Stephen Gostomezik, since deceased, and the plaintiff, Augusta Gostomezik, his wife. The purchase price was $6,000. The final payment of $4,500 was to be made on or before January 1, 1905. The grantees took possession. They became tenants in common of an equitable title. Each owned an undivided one-half. See Wilson v. Wilson, 43 Minn. 398, 45 N. W. 710; Wilson v. Fairchild, 45 Minn. 203, 47 N. W. 642; Dorsey v. Dorsey, 142 Minn. 279, 171 N. W. 933; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10045.

■ The answer of the defendants, heirs of Stephen Gostomezik, admits the contract for deed. It alleges that their father and the plaintiff accepted a deed from the vendor in the contract, dated February 3, 1905, running to their father as grantee, in performance of the contract; that plaintiff made no objection to the form or effect of the deed; that the contract was fully discharged when the deed was executed; and that the answering heirs have title through their father. Their claim is that the deed was accepted as a performance of the executory contract and that their father's title to the farm was good. They rely on such cases as Hubachek v. Brown, 126 Minn. 359, 148 N. W. 121; and others cited in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10019. These cases have illustrative value but are not directly in point. A fact important on the motion for judgment is that the defendants have legal title.

While not controlling on the motion, it is noted that the plaintiff meets the defense by her reply that she did not accept the deed in performance of the contract and did not know of its existence until a short time prior to the death of her husband; and she further alleges that through the error of the grantor and the fraud of her husband the deed was executed to him as sole grantee when she should have been described as one of the grantees.

The plaintiff alleges her equitable title and alleges further that she is the owner. Her ownership of the equitable title gives her the right to maintain an action to quiet title. Porten v. Peterson, 139 Minn. 152, 166 N. W. 183; 5 Dunnell, Minn. Dig. (2 ed.) § 8043, and cases cited.

The plaintiff might have waived or abandoned her equitable title in favor of her grantor. Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589. The defendants cannot maintain a waiver. She retained possession and still has it. Nor is the plaintiff estopped. If she had permitted title to pass to an innocent purchaser the result might be different. See Nell v. Dayton, 43 Minn. 242, 45 N. W. 229; Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851; Krueger v. McDougald, 148 Ga. 429, 96 S. E. 867; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 3185-3194, 3209.

We have not neglected the case of Luse v. Reed, 63 Minn. 5, 65 N. W. 91, relative to a declaration of trust where title was taken in the name of the wife and the consideration paid by her husband; nor have we overlooked the argument of counsel for the plaintiff as to adverse possession as between husband and wife nor the inability of the husband and wife to contract with each other relative to land.

The pleadings may suggest that the defendants have a difficult task in proving that the plaintiff lost her title to their father, but they do not show that the defendants have no claim which they may present to the court by evidence.

*PER CURIAM.*

For the reasons given in the foregoing opinion, prepared by the late Justice Dibell, and in harmony with the views of the court, the order appealed from is reversed.