**Thomas J. RYAN, et al., Respondents,**

v.

**Peter E. LODERMEIER, Appellant.**

**No. CX–85–2065.**

Court of Appeals of Minnesota.

May 27, 1986.

Max J. Ruttger, III, Brainerd, for respondents.

John E. Valen, Little Falls, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Peter Lodermeier appeals the trial court's dismissal of his counterclaim for attorney malpractice. We reverse.

### FACTS

In 1982 the law firm affiliated with Thomas J. Ryan (respondents) sued Peter Lodermeier (appellant) for the payment of $5,578.21 in legal fees for services rendered. Appellant counterclaimed for malpractice. After serving his counterclaim, appellant filed for bankruptcy in federal bankruptcy court.

Appellant listed as one of his debts the amount claimed by respondents for attorney's fees and disclosed the malpractice

action as one of his assets. Respondents' cause of action was stayed by the bankruptcy court, and the debt was subsequently discharged in bankruptcy.

The trustee in bankruptcy abandoned appellant's counterclaim for malpractice in 1984. The trustee stated that appellant might go forward with the malpractice counterclaim if he wished.

In January 1985, respondents moved the court to dismiss their claim for fees and appellant's counterclaim for malpractice.

The trial court dismissed both claims, stating as conclusions of law:

1. That by filing for protection and discharge of debts by the Bankruptcy Court of the United States defendant [Lodermeier] has moved the Court for dismissal of plaintiff's claim against defendant; that by his action defendant has also expressly and impliedly included his counterclaim in the request for dismissal of plaintiff's claim.

2. That plaintiff is permanently barred from pursuing his claim against defendant by defendant's discharge of the debt in Bankruptcy Court; that defendant's counterclaim is also permanently barred.

Lodermeier appeals.

## ISSUE

Did the trial court err in dismissing appellant's counterclaim for malpractice?

## ANALYSIS

Respondents moved to dismiss their claim for fees and appellant's counterclaim for malpractice, "based upon all of the files, records and proceedings * * *." It may be presumed that this is a motion for judgment upon the pleadings. *See* Minn.R. Civ.P. 12.03.

The trial court seems to have based its dismissal upon the procedural ground that when appellant filed his petition in bankruptcy, he relinquished his counterclaim.

Respondent cites no authority for the proposition that upon filing a bankruptcy claim and the discharge of appellant's debt

to respondent, appellant relinquishes his counterclaim. Here, the trustee in bankruptcy abandoned appellant's malpractice claim in 1984, adding that if appellant chose, he could pursue the suit.

Rule 12.03 provides in part that:

[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

▋ A motion for judgment on the pleadings is not a favored way of testing the sufficiency of a pleading, and will not be sustained if by a liberal construction the pleading can be held sufficient. *Gostomezik v. Gostomezik*, 191 Minn. 119, 120, 253 N.W. 376, 377 (1934) (citations omitted). *See State ex rel. City of Minneapolis v. Minneapolis Street Railway*, 238 Minn. 218, 56 N.W.2d 564 (1952).

Moreover, the pleadings must be construed favorably to the party against whom the judgment is asked. *Homan v. Barber*, 149 Minn. 421, 423, 184 N.W. 19, 20 (1921) (citation omitted).

▋ Only if the pleadings create no fact issues should a motion for judgment on the pleadings be granted. Ruling on the motion, the court must give the benefit of the doubt to the nonmoving party. 1 D. Herr and R. Haydock, Minnesota Practice, § 12.11 (2d ed. 1985). Here, even if the pleadings suggest that appellant will have a difficult task in proving his case, they do not show that he has no claim to present to the court by evidence. *See Gostomezik* 191 Minn. at 121, 253 N.W. at 378.

Because the pleadings must be read liberally in favor of appellant, the trial court erred in dismissing the counterclaim.

## DECISION

We reverse the decision of the trial court and remand for trial.