**UNITED STATES of America,
Plaintiff,**

v.

**Brian Edward WENDLING, Defendant.**

**No. C2–03–105–03.**

United States District Court,
D. North Dakota,
Northeastern Division.

Feb. 16, 2005.

Brett M. Shasky, U.S. Attorney's Office, Fargo, ND, for Plaintiff.

James F. Lester, Fargo, ND, for Defendant.

Memorandum Opinion and Order Granting In Part And Denying In Part Plaintiffâ's Motion for Summary Judgment

ERICKSON, District Judge.

The Plaintiff, the United States of America, moves for summary judgment in this criminal forfeiture action, seeking title to certain real property located in Grant County, Minnesota[1] in which the Defen-

---

1. Property is described as follows: Beginning at the Southeast corner of Section 35, Township 130, Range 41, County of Grant, State of Minnesota thence North along the East line of said Section 35 a distance of 995.96 feet to the point of beginning of the parcel to be described; thence continuing North along said East line of the said Section 35 a dis-

dant allegedly has an interest. For convenience the property is hereafter referred to as "the Property" or the "Ashby Property." Ms. Wendling, the mother of the defendant and joint owner of the property, opposes the motion and asks this Court to adjudicate her interest in the property in an ancillary proceeding. The matter came regularly on for hearing on January 7, 2004. Upon consideration of the briefs, the transcript of Ms. Wendling's deposition testimony (which was received by stipulation of the parties), testimony presented at the hearing, and the arguments submitted by counsel, this decision follows.

## I. SUMMARY OF THE HOLDING

The Court finds that neither the United States nor Ms. Wendling has presented sufficient evidence to rebut the presumption that joint tenants of real property have an equal interest in such property. The Court also finds that 21 U.S.C. § 853 allows for partial forfeiture of the defendant's property. Accordingly, the Court GRANTS in part and DENIES in part the United States' motion for summary judgment, allowing forfeiture of only fifty percent of the real property located at 28255 110th Avenue, Ashby, Minnesota. Ms. Wendling, as joint tenant, holds the remaining fifty percent interest in the property.

## II. BACKGROUND

There are no material facts in dispute. In 1999, Steven and Sonya Stramer transferred the Ashby Property to Mr. Brian Wendling and his mother, Ms. Marjorie Wendling, as joint tenants. At the time of transfer, Ms. Wendling paid $25,000 of the $30,000 sale price for the property. Ms. Wendling arranged for her son to pay the remaining balance of $5,000 in monthly installments, but he subsequently fell behind on his payments and Ms. Wendling paid the remaining balance. Defendant never paid rent to Ms. Wendling, however, he handled all the maintenance and repairs on the property. The property taxes were paid partly by Ms. Wendling and partly by the Defendant. Ms. Wendling visited the property three or four times, but claims physical disabilities kept her from visiting the property more often.

Following the purchase of the Ashby Property, Defendant joined a conspiracy with others to manufacture marijuana at the Ashby Property and at other locations. He resided at the Ashby Property from 1999 until his arrest. On February 10, 2004, the United States filed a Superseding Indictment alleging, among other things, that Defendant participated in a conspiracy to manufacture marijuana plants, and sought forfeiture of the Ashby Property because the property was used "to commit or facilitate the commission" of the crime. *See* 21 U.S.C. § 853(a). On April 30, 2004, Defendant pleaded guilty to Count One of the Superseding Indictment and admitted to the forfeiture of his interest in the Ashby Property.

Prior to her son's arrest, Ms. Wendling did not have any knowledge of the illegal activity taking place at the Ashby Property. She timely filed a petition on July 29, 2004, claiming that Mr. Wendling, her son, "has no interest in this property even though a warranty deed placed the title in both of our names." The United States has moved for summary judgment, seeking forfeiture of the entire Ashby Property based on the theory that Ms. Wendling is "a nominal owner because the property was always intended to be a gift" to her

tance of 456.55 feet; thence at right angles and West a distance of 642 feet; thence at right angles and South a distance of 456.55

feet; thence at right angles and East a distance of 642 feet to the point of beginning.

son, and because Mr. Wendling, alone, exerted dominion and control over the property. Ms. Wendling has petitioned the Court to adjudicate her interest in the Ashby Property.

## III. DISCUSSION

The Court must decide in this ancillary proceeding how much, if any, of the property in question is owned by Ms. Wendling and how much, if any, is owned by Mr. Wendling, and therefore should be forfeited to the United States.

### A. Summary Judgment Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate where, viewing the record in the light most favorable to the nonmoving party, no genuine issue of material fact exists. *Anderson v. North Dakota State Hosp.*, 232 F.3d 634, 635 (8th Cir.2000) (quoting *Pace v. City of Des Moines*, 201 F.3d 1050, 1052 (8th Cir. 2000)). A court gives the nonmoving party the benefit of all reasonable inferences. *Id.* (quoting *Pace*, 201 F.3d at 1052). The moving party bears the burden of proving that there is no genuine issue of material fact. *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir.2003).

### B. Forfeiture Statute

Under 21 U.S.C. § 853(a), any person convicted of a crime, such as a felony conspiracy to manufacture marijuana, "shall forfeit ... any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." However, § 853(n) permits a third party to challenge an order of criminal forfeiture by showing, by a preponderance of the evidence, that: (A) the petitioner had a vested or superior legal right, title or interest in the property at the time the criminal activity took place; or (B) the petitioner was a bona fide purchaser for value after the criminal acts took place. See 21 U.S.C. § 853(n)(6)(A)-(B). Ms. Wendling has petitioned under § 853(n)(6)(B) that she has a vested or superior legal right, title or interest in the property.

■ Criminal forfeiture is an *in personam* action because the statute provides for forfeiture of only the criminal defendant's property, and therefore the forfeiture cannot extend to an innocent owner's interest in the property. See 21 U.S.C. § 853; *United States v. Totaro*, 345 F.3d 989, 995 (8th Cir.2003) (finding that RICO and drug crime forfeitures are *in personam* actions, not *in rem* actions). Accordingly, Defendant can only forfeit to the United States his interest in the Ashby Property.

### C. Property Interest

The Court must look to state law to evaluate a claim to a legal right, title, or interest in the real property. See *United States v. Totaro*, 345 F.3d 989, 996 (8th Cir.2003). In this instance, Minnesota law controls the determination of Ms. Wendling's rights in the Ashby Property.

#### a. Presumption of Equal Interests

■ Under Minnesota law, there is a long standing presumption that joint tenants have an equal interest in the land. See *Dorsey v. Dorsey*, 142 Minn. 279, 171 N.W. 933, 934 (1919); see also *Kipp v. Sweno*, 683 N.W.2d 259, 263 (Minn.2004) (each joint tenant has an undivided one-half interest in the property which includes the present right of use and occupancy and the right of survivorship). However, the presumption is not conclusive, and may be rebutted with evidence of true interest. *Dorsey*, 171 N.W. at 934. Minnesota allows a joint tenant in real property, de-

fined as someone who has an "estate of inheritance or for life or for years," to bring an action to partition his or her interest in the property or to sell the property "if it appears that a partition cannot be had without great prejudice to the owners." Minn.Stat. § 558.01. "Actual possession" or a "right to actual possession" is not necessary for a joint tenant to bring an action for partition. See *Cook v. Webb*, 19 Minn. 167, 170 (1872).

■ Under Minnesota law, Ms. Wendling, as a joint tenant of the Ashby Property, has a right to retain her half of the property and her lack of actual possession of the property does not defeat her interests in the property. However, under the same analysis, she cannot argue that she is the only owner of the property based on the fact that she paid for the property. See *Dorsey*, 171 N.W. at 935. Despite paying nearly the entire purchase price, Ms. Wendling allowed her son's name on the title as a joint tenant and permitted him to live exclusively on the property. Further, Defendant made two loan payments on the property, paid for part of the taxes on the property, and took care of repairs and the maintenance of the property. Thus, neither Ms. Wendling nor the United States, acting on behalf of Mr. Wendling, has rebutted the presumption that each joint tenant has an undivided equal interest in the property.

### b. Nominal Ownership

■ The United States has argued that Ms. Wendling is "a nominal owner because the property was always intended to be a gift" to her son. However, a donor and a nominal owner are two different concepts with separate factors which the court will address in turn below.

■ A gift requires that a donor "deliver the property to the donee, with intent to vest title in the donee, and without reserving any rights to reclaim the property." *Oehler v. Falstrom*, 273 Minn. 453, 142 N.W.2d 581, 585 (1966). The elements of a gift *"inter vivos"* are (1) delivery; (2) intention to make a gift; and (3) absolute disposition of the "gift" by the donor to the donee. *In re Estate of Lobe*, 348 N.W.2d 413, 414 (Minn.App.1984).

The Eighth Circuit has found that the characteristics of a straw or nominal ownership are "lack of possession of the property and no exercise of dominion or control over it." *Totaro*, 345 F.3d at 995. A "straw person" is defined as "one who acts as an agent for another for the purpose of taking title to real property and executing whatever documents and instruments the principal may direct respecting the property." *Black's Law Dictionary* 1421 (6th ed.1990).

The United States has referenced cases cited in *United States v. Totaro*, which held that bare legal title to a property was insufficient to demonstrate legal right, title or interest in the property. *Totaro*, 345 F.3d at 995–999. The primary cases cited involve defendants who paid for and completely controlled the property at issue and had only used the name of the petitioners in purchasing the property. See *United States v. One 1990 Chevrolet Corvette*, 37 F.3d 421, 422 (8th Cir.1994) (finding the defendant's aunt a nominal owner when the defendant used "drug" money to buy the car and admitted to putting the car in his aunt's name); *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 29 (8th Cir.1979) (finding that the defendant, who had given the owner the money for the property and used the owner's name on FAA documents, was the "true owner" of the plane, and the petitioner was a "front man").

Ownership may be demonstrated in various ways, including a showing of actual

possession, control, title and financial stake. See *One 1990 Chevrolet Corvette,* 37 F.3d at 422. In this case, Ms. Wendling has remained a joint tenant of the property since its purchase in 1999, had originally arranged for Defendant to make payments on the property, and has shared the cost of the property taxes with her son. Even though her son did not keep his side of the bargain by paying for his part of the property, Ms. Wendling has not made any attempt to relinquish her half interest in the property by gift or sale. Her original financing agreement and testimony show that she did not intend to simply give the property to her son. She has title and a financial stake in the property and her testimony demonstrates a familiarity and personal interest in the property. These facts clearly show that Ms. Wendling did not "gift" the property to her son and that she was more than a "straw" person in the purchase and maintenance of this property.

### D. Partial Forfeitures

■ The plain language of 21 U.S.C. § 853 does not preclude partial forfeitures. An alternative to partial forfeitures would be to give the United States a windfall and deny an innocent owner her valid property interest. The United States concedes that Ms. Wendling was not involved in the criminal activities of her son. Ms. Wendling testified, and the United States has not refuted, that she had no knowledge that her son was growing marijuana at the Ashby Property, and she would not have agreed with it if she had found out prior to her son's arrest.

■ The intent of Congress in enacting the forfeiture statute is to punish, deter and disempower criminals. See S.Rep. No.225, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3374. Giving the United States an innocent owner's share does not further the purpose of this penalty. Furthermore, because this is an *in personam* action, to reach beyond the property owned by the defendant would convert this action to an *in rem* action. See *Totaro,* 345 F.3d at 996. An *in rem* action in this case would raise constitutional issues, because a third party would be punished, without a guilty verdict entered against her. See *id.* at 997. The canons of construction require courts to avoid raising constitutional questions when interpreting statutes. See *INS v. Enrico St. Cyr,* 533 U.S. 289, 299–300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

■ Many other courts have suggested that the criminal forfeiture statute, 21 U.S.C. § 853, allows for partial forfeitures of real property. See, e.g., Totaro, 345 F.3d at 999; *United States v. O'Dell,* 247 F.3d 655, 680 (6th Cir.2001); *United States v. Kennedy,* 201 F.3d 1324, 1329 (11th Cir.2000); *United States v. Lavin,* 942 F.2d 177, 185 (3d Cir.1991); *United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan,* 910 F.2d 343, 350–51 (6th Cir.1990). At least one circuit has held that § 853 does allow for partial forfeitures. See *Pacheco v. Serendensky,* 393 F.3d 348, 355 (2d Cir. 2004). This Court also finds that 21 U.S.C. § 853 allows for partial forfeitures of real property.

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that neither the United States nor the petitioner, Ms. Wendling, has presented evidence sufficient to rebut the presumption that joint tenants of real property have an equal interest in such property. The Court also finds that 21 U.S.C. § 853 allows a court to partially forfeit property to the United States. Thus, Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part. Accordingly, the United States may take a fifty

percent interest in the Ashby Property, with Marjorie Wendling remaining a joint tenant of the property. The Court finds that proceeding in this manner will adhere to both the letter and spirit of the forfeiture statute. Furthermore, because neither party has addressed the issue of how this property should be severed or disposed of consistent with this opinion, the parties may attempt to resolve this issue among themselves. If, however, the parties cannot agree on how to sever or dispose of the property within 45 days of the date of this Order, the matter should be set for a hearing.

IT IS SO ORDERED.