M. W. DALY *vs.* EDWARD L. BRADBURY, impleaded, etc.

June 30, 1891.

**Partnership—Action on Firm Debt—Levy on Individual Property.—** Partners being severally as well as jointly liable, the property of either may be levied on to satisfy a partnership debt, and the liability may be enforced against the property of each.

**Same—Action against Non-Residents—Attachment of Property of One Partner.—** A lien by attachment, in a suit against non-resident partners, may be acquired on the individual property of one of the partners situated within the jurisdiction, and the judgment, rendered upon substituted service of the summons, though entered in form against all, may be enforced against the property so attached.

Appeal by defendant Bradbury (impleaded with George L. Wright) from an order of the district court for Mower county, *Farmer,* J., presiding, refusing to set aside an attachment, a judgment of $3,980.60, and execution issued thereon.

*D. F. Morgan,* for appellant.

*Kingsley & Shepherd,* for respondent.

VANDERBURGH, J.   The defendants are non-resident partners, and the action is brought upon a promissory note executed in the partnership name.   The suit is against the defendants as individuals jointly and severally liable for the debt.   The service of the summons was made by publication, and the separate real property of the defendant Bradbury was levied on under a writ of attachment duly issued against the defendants, and judgment by default was thereafter entered against both defendants for the amount claimed.   The defendant Edward L. Bradbury appeared specially, and moved to set aside the attachment and subsequent proceedings for want of jurisdiction to proceed against the separate property of one partner upon a partnership debt.   The defendants are not sued by their joint or partnership name, and the property of either may therefore be levied on to satisfy the debt, because it is the debt of each, and may be enforced against the property of each.   There is no doubt that a lien was acquired upon the property of the defendant served, and there is

no one here to raise the question as to the relative rights of partnership and individual creditors. *Meech* v. *Allen*, 17 N. Y. 300; *Stevens* v. *Perry*, 113 Mass. 380. And the levy upon the property of Bradbury within the state gave the court jurisdiction to proceed to enter judgment upon constructive service, though no other property, joint or several, was found here. The suit was against both defendants in form, and the attachment was issued against both, and the defendant Bradbury cannot complain that the judgment follows the directions of the statute, and is entered against both. It must be construed in connection with the record. The different sections of the statute must be read together, and, for the purposes of this action, the publication of the summons was only effectual to give the court jurisdiction to proceed against the property attached, upon the formal entry of the judgment against the defendants. Though it may run in form against both, the record will always show the extent of the jurisdiction and the effect of the judgment. There being no personal service, the suit is, in effect, a proceeding *in rem*, and the judgment must expend itself upon the property attached.

Order affirmed.