# Pearce *v.* Pearce.

*Bill in Equity for Alimony, Support and Maintenance.*

[Decided Dec. 20th, 1901.]

1. *Equity, jurisdiction to provide for wife's support independent of divorce proceedings.*—In a proper case equity will enforce in favor of the wife a claim for her support out of the estate of her husband, without and independently of proceedings for a divorce.

APPEAL from Walker Chancery Court.

Heard before Hon. JOHN C. CARMICHAEL.

The bill was filed by Mary E. Pearce against her husband, J. Gus Pearce, and sought a decree for alimony and support and maintenance out of her husband's estate. No divorce was prayed. The chancellor granted the relief prayed, and defendant appeals.

COLEMAN & BANKHEAD and W. C. DAVIS, for appellant, cited 2 Am. & Eng. Ency. Law, pages 93 to 96.

M. B. McCOLLUM and D. A. McGREGOR, *contra,* cited *Murray v. Murray,* 84 Ala. 363; *Hinds v. Hinds,* 80 Ala. 225; *Wray v. Wray,* 33 Ala. 187; *Mims v. Mims,* 33 Ala. 98; *Glover v. Glover,* 16 Ala. 440.

SHARPE, J.—What in briefs for appellant is conceded to be the only question necessary to be passed on in this appeal has been settled adversely to appellant by decisions of this court which maintain that equity

[Lide v. Park et al.]

will in a proper case enforce in favor of the wife a claim for her support out of the estate of her husband without and independently of proceedings for a divorce. See cases cited in brief for appellee, viz.: *Murray v. Murray*, 84 Ala. 363; *Hinds v. Hinds*, 80 Ala. 225; *Wray v. Wray*, 33 Ala. 187; *Mims v. Mims*, 33 Ala. 98; *Glover v. Glover*, 16 Ala. 440. We adhere to those decisions and affirm the chancery court's decision.

