# CHARLESTON.

### LANG v. LANG.

Submitted June 6, 1910. Decided January 23, 1912.

1. HUSBAND AND WIFE—*Separate Maintenance—Equitable Jurisdiction.*

    A court of equity, independently of proceedings for divorce, on the ground of inadequate remedy at law, may decree maintenance to a wife who has been deserted by her husband. (p. 206).

2. VENUE—*Suit for Separate Maintenance.*

    The venue of a suit for maintenance without divorce is not governed by the divorce statutes, but by the laws relating to place of suit for the vindication of ordinary legal or equitable rights. (p. 210).

Appeal from Circuit Court, Harrison County.

Bill by Susan C. Lang against George W. Lang and others for alimony. Decree for defendants, and complainant appeals.

*Reversed and Remanded.*

*F. E. Parrack* and *E. G. Smith,* for appellant.

*John Bassel* and *Philip P. Steptoe,* for appellee, Lee J. Lang.

ROBINSON, JUDGE:

May a court of equity, independently of proceedings for divorce, decree alimony or maintenance to a wife who has been deserted by her husband? The appeal in the case before us concretely presents this question. The bill is brought by a wife whose husband deserted her to live with another woman. The wife seeks alimony or maintenance, but no divorce, from the husband. The court below held that equity would not entertain such case. The bill was dismissed on demurrer.

In *Chapman* v. *Parsons,* 66 W. Va. 308, we noticed the question now presented, but reserved answer thereto. Now that it is squarely before us, we must answer the same in the light of reason and authority.

We hold that equity has jursidiction to decree alimony or maintenance to a wife, independently of our divorce statutes. Out of the great contrariety of opinion on the point, we choose that which seems best to accord with reason and justice. Indeed we adopt the view which is now recognized by the current of authority in the United States, whatever may be said in some of the older encyclopedias and text books. An extended critical examination of the subject convinces us that the courts of this country have so rapidly accepted the view which we now approve that the weight of authority is in its favor, though only a few years ago the writers generally announced that the weight was the other way.

A most recent work, collecting all the adjudicated cases on the subject and announcing a text therefrom, says: "In the United States it is maintained, by much authority, that in the absence of legislation to the contrary, alimony should not be allowed in an independent suit in courts of equity. The proper

remedy, at common law, where the husband deserted his wife and refused to supply her with necessaries according to her rank and condition, was an action at law by the person supplying such necessaries for her. But in many of the states alimony may be decreed independently of any proceeding for separation or divorce where the husband refuses to support his wife, or where she has separated from him, on the ground that in the absence of adequate relief or remedy at law, equity will interfere; and in other states where the rule was formerly that an independent action would not lie, it is now held that such an action will lie although no statute authorizes it. The inherent right of equity to entertain an action for alimony apart from any proceeding for divorce is not taken away by a statute authorizing the granting of alimony in an action for divorce, or by a statute making it a misdemeanor for a person wilfully to neglect to provide support for his wife." 3 Enc. L. & P. 65. Then, showing that the trend of legislation has followed the reason and justice of a suit for maintenance without divorce, the same text proceeds: "In nearly all the states where the authority of courts to award alimony independently of divorce was denied at common law, statutes now exist authorizing an independent action for alimony, with limitations in some instances; and in several jurisdictions where the common-law authority of equity courts to award alimony without divorce is recognized, statutes now exist which are declaratory of the common law. In other states, where the common-law authority to award alimony without divorce has not been passed upon, statutes now exist authorizing the awarding of alimony in an independent action."

It is not our purpose in this opinion to treat of the subject in an original manner. Indeed we could not do so more ably than has been done by many courts and eminent text writers. That which we should say in justification of a well grounded jurisdiction in equity for alimony without divorce would only be repetition of what has been written time and again. That equity has such jurisdiction because of the want of an adequate remedy at law, we are satisfied. That the recognition of such jurisdiction has met the approval of most eminent minds, there can be no doubt. That the reasons for such recogni-

tion are sound, is made clear by a reading of the authorities. 2 Nelson on Divorce and Separation, secs. 1000-1003; 2 Story Equity Jurisprudence, sec. 1423a. Some of the older cases are: *Glover* v. *Glover,* 16 Ala. 440; *Galland* v. *Galland,* 38 Cal. 265; *Butler* v. *Butler,* 4 Litt. (Ky.) 202; *Garland* v. *Garland,* 50 Miss. 694; *Earle* v. *Earle,* 27 Neb. 277. The doctrine finds favor in new jurisdictions, by interesting opinions in the following: *Bueter* v. *Bueter,* 1. S. D. 94; *Bauer* v. *Bauer,* 2 N. D. 108; *Kimble* v. *Kimble,* 17 Wash. 75; *Edgerton* v. *Edgerton,* 12 Mont. 122; *Dole* v. *Gear,* 14 Hawaii 554. For collections of the cases generally, see 3 Enc. L. & P. 66; 2 Amer. & Eng. Enc. Law, 94; 14 Cyc. 744.

"The broad ground upon which these authorities rest is, that it is the duty of the husband to support the wife, and if, without fault upon her part, he refuses to do so, the courts will compel him to render her a reasonable support in accordance with his means, even though the wife does not seek or wish a legal separation dissolving the bonds of matrimony, and that an action for this purpose may be maintained, because of the inadequacy of ordinary legal remedies to enforce this duty. Again, the policy of the courts is to discourage, rather than encourage, divorces. The wife may be entitled to a divorce, but whether or not she will exercise that right is optional with her, and to hold that unless she did she could not maintain an action for support, would be both unreasonable and unjust, for, although the conduct of the husband may be such that she could dissolve the marriage contract, he is not relieved from his duty of supporting her because she does not wish to pursue that course, and, besides, a case might arise where the husband withheld support, but not for a sufficient length of time to entitle the wife to a divorce upon that ground, and in the interim she would be without an adequate remedy, unless permitted to maintain an action for separate maintenance." *In re Popejoy,* 26 Colo. 32.

But there is direct Virginia authority on the subject. "In Virginia, not only is alimony granted as incidental to divorce of either kind, with the largest discretion as to the estates of the parties, but it may be granted by the court of chancery, independently of any divorce, or any application for one, as

where the misconduct of the husband drives the wife from her home, or he turns her out of doors, or perhaps wherever a divorce from bed and board, or a restoration of conjugal rights would be decreed had they been asked for." 1 Minor's Inst., (4th ed.), 308. A Virginia chancellor was perhaps the first to promulgate this doctrine. *Purcell* v. *Purcell,* 4 H. & M. 507. Judge Tucker says the decision in that case is sound. Tucker's Com., Book 1, ch. 9, page 101. Justice Story cites it and says: "There is so much good sense and reason in this doctrine, that it might be wished it were generally adopted." 2 Equity Jurisprudence, *supra.* The doctrine was again affirmed in *Almond* v. *Almond,* 4 Rand. 662. It is · distinctly recognized in the opinion in *Latham* v. *Latham,* 30 Grat. 307. Judge JOHNSON seemingly approves it in *Stewart* v. *Stewart,* 27 W. Va. 167. We have observed that Mr. Minor, in the last edition of his great commentaries, considered it the law of Virginia. Yet, the argument is made that the Purcell and Almond cases must be distinguished because there were no divorce statutes in Virginia when these cases were instituted. No such reason is given for the opinion in either of the cases. Plainly in them, equity was accorded jurisdiction on the ground that the wife had no adequate remedy at law to secure —not a divorce—but the maintenance due to her from the husband. These decisions are binding authority in this jurisdiction. We have already indicated that we have no disposition to overthrow them.

Our divorce statutes do not contain a word that either expressly or impliedly takes away the right of a wife to sue for maintenance without divorce. Those statutes grant the right to divorce—a thing entirely different from the right to mere maintenance. The latter right belonged to a wife long before the divorce statutes were passed. How the granting of an entirely different right can exclude the exercise of one already vouchsafed· we cannot readily conceive. In this connection, the following is pertinent: "But there is no provision of the statute which authorizes an application for alimony, except in connection with a prayer for divorce; and it is claimed on behalf of the defendant, that, inasmuch as provision is made for the allowance of alimony only on an ap-

plication for divorce, it was the intention of the Legislature to limit the power of the Court to grant alimony to that class of cases. The maxim *'expressio unius est exclusio alterius'* is invoked as applicable to this proposition. But, in my opinion, it has no application to the case. The main subject-matter of the statute was the regulation of divorce; and only as incidental to that subject the statute prescribes the power of the Court in respect to alimony in that class of cases. The Legislature was dealing with the general subject of alimony, as an independent subject-matter of legislation; but, only, as one of the incidents of an application for divorce. It saw fit to define the power of the Court over the allowance of alimony on an application for divorce; but was not considering the subject of alimony on any other class of cases." *Galland* v. *Galland, supra.* See also an able discussion of the same point in *Edgerton* v. *Edgerton, supra.*

The venue of a suit for maintenance without divorce is in no wise controlled by the statute in relation to jurisdiction in divorce suits. The place of suit is governed by the laws applying to ordinary suits for the vindication of legal or equitable rights. The divorce statutes do not relate to an independent suit for maintenance and cannot control it.

Some minor grounds of demurrer to the bill are assigned, but they are plainly untenable. They call for no discussion here. Nor are cross-assignments of error, relating to the validity of the attachment proceedings, well taken. They must be overruled.

Pursuant to the foregoing observations, the order of the circuit court sustaining the demurrer and dismissing the bill will be reversed, the demurrer to the bill will be overruled, and the case will be remanded to be further proceeded in.

*Reversed and Remanded.*