## MAGGIE ROBERTSON v. WILLIAM P. ROBERTSON.[1]

November 9, 1917.

No. 20,544.

**Equity jurisdiction — separate maintenance of wife.**

1. A court of equity, independent of a proceeding for divorce or separation and without statutory authorization, has jurisdiction to decree the wife separate maintenance.

**Same — temporary maintenance.**

2. In such action temporary support pendente lite may be given the wife.

**Same — attorney's fees and costs.**

3. And an allowance may be made for attorney's fees and costs of suit.

**Same — allowance not excessive.**

4. The allowance made is *held* not excessive.

Action in the district court for Crow Wing county for separate maintenance. From an order, Wright, J., directing defendant to pay plaintiff $20 twice each month, $75 attorney's fees and $10 suit money, defendant appealed. Affirmed.

*W. W. Bane,* for appellant.

*M. E. Ryan,* for respondent.

[1]Reported in 164 N. W. 980.

DIBELL, C.

This is an action in equity by a wife against her husband for separate maintenance. The court allowed temporary support, suit money and attorney's fees. From the order making such allowance the defendant appeals.

1. While there is a contrariety of decision the prevailing and growing view is that a court of equity, independent of a proceeding for divorce or separation, has jurisdiction to decree the wife separate maintenance. See note to Lang v. Lang, 70 W. Va. 205, 73 S. E. 716, in 38 L.R.A. (N. S.) 950, and Ann. Cas. 1913D, 1129; note to In re Popejoy, 26 Colo. 32, 55 Pac. 1083, in 77 Am. St. 222; 21 Cyc. 1598, 1603; 10 Dec. Dig. Husband & Wife, § 285, et seq.; 26 Cent. Dig. Id. §§ 1074-1099; 1 R. C. L. 878, et seq.; 2 Nelson, Divorce & Separation, § 1000, et seq. The prevailing view is the settled law of this state. Stephen v. Stephen, 102 Minn. 301, 113 N. W. 913; Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L.R.A. 1917D, 971.

2. In such an action temporary support in the nature of temporary alimony pendente lite may be granted and this without statutory authorization. Galland v. Galland, 38 Cal. 265; Daniels v. Daniels, 9 Colo. 133, 10 Pac. 657; Simpson v. Simpson, 91 Iowa, 235, 59 N. W. 22; McFarland v. McFarland, 64 Miss. 449, 1 South. 508; Milliron v. Milliron, 9 S. D. 181, 68 N. W. 286, 62 Am. St. 863. And see citations above.

3. And an allowance for attorney's fees and the costs of suit may be made. Finn v. Finn, 62 Iowa, 482, 17 N. W. 739; Milliron v. Milliron, 9 S. D. 181, 68 N. W. 286, 62 Am. St. 863; McFarland v. McFarland, 64 Miss. 449, 1 South. 508; Simpson v. Simpson, 91 Iowa, 235, 59 N. W. 22. The defendant objects to the allowance of attorney's fees and suit money and invokes the rule that costs are statutory and that a court of equity has no discretionary power to impose them save such as the statute gives. See G. S. 1913, § 7973, et seq.; Atwater v. Russell, 49 Minn. 57, 51 N. W. 629, 52 N. W. 26. The rule is without application. Suit money and attorney's fees are allowed the wife to the end that she may maintain the necessary suit against her husband. In effect and in a proper sense the allowance is for her support, assistance and maintenance and is not an award of costs within the statute.

4. The court made a temporary allowance to the plaintiff of $40 per

month for support and $75 attorney's fees and $10 suit money, and it is urged that it is excessive. The defendant works in the railroad shops at Brainerd. His earnings are from $75 to $80 per month. He has some property, including a home, which apparently the plaintiff occupies. The allowance impresses us as liberal. It should not be so large as unduly to oppress the defendant and he as well as his wife has the right to share in his earnings. It is not so excessive as to justify interference. It is but temporary. If the plaintiff prevails upon the trial the court will be in position upon the evidence taken to make a just award.

Order affirmed.