## HALLIE A. WALLER v. NOBLE H. WALLER.[1]

October 31, 1924.

No. 24,138.

**When equity may award support to wife.**

1. A court of equity, though an action for divorce or separation is not pending, and though grounds for such action do not exist, may award the wife support and maintenance when the husband unjustifiably refuses to live with or support her.

**Finding sustained.**

2. The evidence sustains the trial court's finding that the defendant unjustifiably refused to live with or support his wife.

**Decree in divorce suit not a bar, when.**

3. A judgment in a divorce suit between the parties, it not appearing that the facts involved here and essential to a recovery were involved there, is not a bar.

[1]Reported in 200 N. W. 480.

Action in the district court for Ramsey county to recover $85 per month support money. The case was heard by Sanborn, J., who ordered defendant to pay $10 per week to plaintiff and $50 attorney's fees and her actual costs. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John A. Burns*, for appellant.

*Brandt, Spencer, Berryman & Parks*, for respondent.

DIBELL, J.

Action in equity by the plaintiff against the defendant, her husband, for support and maintenance. There were findings for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. A court of equity, independent of an action for divorce or separation, and though grounds for such action do not exist, has jurisdiction to decree the wife support or maintenance. It may do so when the husband unjustifiably lives apart from his wife and refuses her support. This principle is fairly derivable from Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; and Baier v. Baier, 91 Minn. 165, 97 N. W. 671. Counsel for the defendant insists that we were wrong in the Robertson case and that it is not supported by the cases which it cites. We have carefully considered his argument and thoroughly prepared brief, and have examined the cases which he cites. We adhere to our former view. The Jacobs case considers the fundamental questions and further discussion is not now necessary.

2. The plaintiff and the defendant were married in 1907. She is 48 years of age and he is 55. There are no children. They lived together without serious trouble until 1919. Then the quarreling began. She brought three actions for divorce against him. The first two were dismissed. In the last one, commenced in January, 1923, the defendant interposed a counterclaim asking a divorce. They have not lived together since. The court refused relief to either.

The defendant is capable of earning $150 a month, or perhaps more, and has some property. The plaintiff maintains herself by keeping roomers. She has a little property. Her income is insufficient for her proper support. The defendant refuses to live with her. He is positive that he will not. Neither will he support her. The trial court finds that his attitude is unjustifiable. The evidence sustains the finding.

The plaintiff is a hardworking, thrifty woman. The defendant is industrious and thrifty. He is now living contentedly and happily with the family of his married daughter by a former marriage. The court decreed the payment of $10 a week for the support of the plaintiff. The difficulty between the two, from the defendant's view, results from the plaintiff's unkindly disposition. The plaintiff was not justified in pestering her husband with the numerous divorce suits. She had the legal right to bring them. Under the decree which is directed, conditions remaining as now, the defendant will not be further annoyed. The future of the parties is of their own making.

Order affirmed.