# WILLIAM W. PYE v. DORA R. MAGNUSON.[1]

November 29, 1929.

No. 27,521.

*Reuben G. Thoreen,* for appellant.

*William W. Pye* and *Lucius A. Smith,* for respondent.

[1]Reported in 227 N. W. 895.

TAYLOR, C.

Rudolph C. Ebling and his wife, Dora R. Ebling, resided in Washington county. He owned an 80-acre farm in Rice county. In the early part of May, 1924, he deserted his wife and disappeared. Thereafter she brought an action for support and maintenance and attached the land in Rice county and other property belonging to her husband. On December 22, 1924, judgment was rendered against Ebling in this action awarding the wife the sum of $1,064.55 for support, maintenance and medical attention prior to the rendition of the judgment and requiring him to pay her the sum of $100 per month thereafter until the further order of the court, and making the allowance of $100 per month a specific lien upon all the real estate attached in the action. A certified copy of the judgment was recorded in the office of the register of deeds of Rice county, and a transcript of the judgment for $1,064.55 was filed and docketed in the office of the clerk of the district court of that county. Later the wife brought an action for divorce against Ebling, and on December 24, 1925, judgment was rendered therein granting her an absolute divorce and awarding her the sum of $4,000 as permanent alimony, and making the judgment for alimony a specific lien upon the real estate described in the complaint, of which the land in Rice county was a part. The summons was served by publication in both actions. Under an execution issued on the judgment in the divorce action the land in Rice county was sold on April 10, 1926, to the plaintiff in the present action for the sum of $4,213. No redemption was made from the sale, and plaintiff became the owner of the property. In July, 1927, he brought this action to determine adverse claims. The former wife of Ebling, now Dora R. Magnuson, interposed an answer in which she asserted a lien under the judgment of December 22, 1924, for the balance unpaid on the judgment for $1,064.55 and for the 12 monthly payments of $100 each which had accrued after the rendition of that judgment and before the rendition of the judgment of divorce, none of which had been paid. The court allowed her a lien for the sum of $351.74, the balance due on the judgment of $1,064.55 after deducting the several sums collected

thereunder, but denied a lien for the unpaid monthly instalments. Whether she is entitled to a lien therefor is the question presented by her appeal from an order denying a new trial. She will be intended by the term defendant when used hereafter.

Plaintiff admits having actual as well as constructive notice of the judgment but claims that the award to defendant of $100 per month is not a lien on the land because not docketed. This claim is untenable. The statute providing for the docketing of money judgments and making them a lien on the real estate of the debtor from the time of such docketing merely provides the procedure by which such judgments, usually not otherwise a lien on such real estate, may be made a lien thereon. When a court of equity decrees a lien upon a specified tract of land, the lien so declared exists wholly independent of the statute which provides for the docketing of ordinary money judgments. It is no more dependent on that statute than is a mechanic's lien or the lien created by a mortgage.

The real question presented is whether in the action for support the court had jurisdiction to make the amounts ordered to be paid therefor by the husband in the future a lien on his real estate, in the absence of a statute authorizing it.

It is settled in this state and by the great weight of authority elsewhere that, independently of any statute on the subject, the court in the exercise of its equitable powers may make provision for the separate maintenance of the wife out of the property or income of the husband where she is justifiably living apart from him. Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980; Dorsey v. Dorsey, 142 Minn. 279, 171 N. W. 933; Waller v. Waller, 160 Minn. 431, 200 N. W. 480.

In the cases above cited the defendant was a resident and the court had jurisdiction of his person. An action against a nonresident, though in personam in form, is an action in rem in effect; and the jurisdiction acquired extends no farther than to permit the court to apply to the satisfaction of the plaintiff's demand property of the defendant within the state which has been brought within the

control of the court by seizure under process or in some other appropriate manner. But the court has jurisdiction to enforce its judgment or decree against such property. Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210; Cousins v. Alworth, 44 Minn. 505, 47 N. W. 169, 10 L. R. A. 504; Daly v. Bradbury, 46 Minn. 396, 49 N. W. 190; Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; Hencke v. Twomey, 58 Minn. 550, 60 N. W. 667; Spokane Merchants Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915; Wagner v. Farmers Co-op. Exch. Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279.

That in an action for support against a nonresident husband the court may make the award a lien on the property of the husband within the jurisdiction and may make any necessary or proper provision for satisfying the award out of such property, without statutory authority therefor, is well sustained both by reason and by the authorities. Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 A. S. R. 611; Forrester v. Forrester, 155 Ga. 722, 118 S. E. 373, 29 A. L. R. 1363; Benner v. Benner, 63 Ohio St. 220, 58 N. E. 569; Edgerton v. Edgerton, 12 Mont. 122, 29 P. 966, 16 L. R. A. 94, 33 A. S. R. 557; Wilder v. Wilder, 93 Vt. 105, 106 A. 562; Johnson v. Johnson, 125 Ill. 510, 16 N. E. 891; Klosowski v. Klosowski, 266 Ill. 360, 107 N. E. 634; Cash v. Cash, 201 Ill. App. 151; Crews v. Crews, 175 N. C. 168, 95 S. E. 149; Milliron v. Milliron, 9 S. D. 181, 68 N. W. 286, 62 A. S. R. 863; Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925.

The first four of the above cases contain extensive reviews of the authorities. In the majority of the other cases the court had jurisdiction of the person of the defendant, but that fact does not lessen the value of the case as an authority for the doctrine that the court has power to subject the property of the husband to the payment of an allowance made to the wife for her separate maintenance.

Defendant attached the land in controversy and thereby acquired a lien thereon. As the summons was served by publication, no jurisdiction was acquired over the person of the husband, and her claim could be enforced only against the property attached. Unless

she could enforce it against that property she had no remedy and could obtain no relief. The court imposed a lien on that property to secure the payment of the award as the instalments thereof became due. We have no doubt of the power of the court to do so or to take any other appropriate action to enforce payment of the award out of such property, whether G. S. 1923 (2 Mason, 1927) § 8614, being G. S. 1913, § 7140, does or does not confer statutory authority therefor. See Dorsey v. Dorsey, 142 Minn. 279, 171 N. W. 933; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971.

The order is reversed.