## Melotti v. Melotti

*E. J. McDaniel*, for libellant.

DUMBAULD, P. J., May 9, 1942.—In this divorce proceeding there was no personal appearance by or service upon respondent. The libel, the subpœna, the alias subpœna, and notice of master's hearing were all served by publication.

Attached to the master's report is an affidavit in the following language:

"Affidavit. Commonwealth of Pennsylvania, County of Fayette: SS.

"Before me, the undersigned authority, personally appeared Helen Melotti, the above named libellant, who being first duly sworn, according to law, deposes and says that John Melotti, her husband, the above named respondent, is somewhere in the City of Chicago, Illinois, and that he is not now a member of the armed forces of the United States.

"Sworn to and subscribed before me this 4th day of April, 1942.    Helen Melotti    John J. Brady, Prothonotary.    |SEAL) "

A careful examination of the testimony of libellant here discloses that she has had no communication with respondent since the date of his departure, August 5, 1939. Her testimony discloses no statements indicating that she has any knowledge as to the location of respondent during the time involved.

The master sets forth in paragraph (*e*) of his findings on the merits, as follows:

"The respondent is not engaged in the military service of the United States of America according to affidavit filed and made a part of this record. In view of the fact that the libellant has not been in communica-

tion with the respondent for more than two years according to the testimony, the weight of the affidavit which she has filed is greatly impaired. The master is inclined to recommend that the affidavit is insufficient for the purpose which it is intended to serve. The master calls these facts to the attention of the court for the purpose of a ruling by the court and makes his subsequent recommendation of the granting of a divorce subject to ruling upon the sufficiency of this affidavit."

The Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, sec. 200, provides:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

We are constrained to hold that the affidavit filed in this case and quoted as above does not carry out the intent and purpose of the Act of Congress. We direct attention to the language of the statute in description of the matter that is to be contained in the affidavit. The affidavit is required to set forth "facts" showing that respondent is not in the military service. The simple ipse dixit of libellant that respondent is not in such service cannot be held to set forth facts upon which the ultimate purpose of the affidavit may be safely rested. The bare averment that respondent is not in the military service is not supported by any statements of fact contained in the verbal testimony of libellant. The entire record, therefore, is bare of "facts" showing or tending to show that respondent is not in military service.

The only reference indirectly bearing upon this subject found in the testimony is the statement that the family of respondent, which resides close to the family of libellant, knows where respondent is actually located. It would therefore not appear to be imposing a hardship upon libellant to require that she actually ascer-

tain the whereabouts of respondent and thus be able to include in an affidavit, either of herself or of some other competent witness, a statement of facts based upon direct knowledge of respondent's present status.

We desire to call attention to the fact that the master includes in his findings of fact a paragraph descriptive of the military status of respondent. We commend this practice and suggest that it be made uniform by masters in making reports in divorce proceedings, especially in cases where service is by publication.

### Order of court

Now, May 9, 1942, upon consideration, it is ordered and directed that this case be referred back to the master, Alfred E. Jones, Jr., for further hearing upon the question of the military status of respondent, to the end that he may make a definite finding of fact upon that question, based upon an affidavit actually setting forth facts showing that respondent is not in the military service.