## PAULINE H. DONIGÁN v.
## THOMAS PATTISON DONIGAN AND ANOTHER.[1]

May 16, 1952.

No. 35,675.

---

[1]Reported in 53 N. W. (2d) 635.

*James J. Courtney & Sons,* for appellant.

*McCabe, Gruber, Clure, Donovan & Crassweller* and *William P. Van Evera,* for respondent Pauline H. Donigan.

*Franklin B. Stevens,* for respondent Oliver Iron Mining Company.

FRANK T. GALLAGHER, JUSTICE.

The opinion filed April 25, 1952, is withdrawn, and the following opinion is filed in its place.

This is an appeal from an order of the district court denying the motion of defendant Thomas Pattison Donigan, appearing specially, to quash a substituted service and to dismiss for lack of jurisdiction.

Plaintiff brought this action against defendant Donigan, her husband, both nonresidents of Minnesota, to enforce the latter's obligation under a marital contract to provide support for her and their minor child. She alleged that she is a resident of Kansas; that the parties were married in Texas in May 1943 and have one child, a daughter, born in May 1945; that they moved to Japan in October 1948, where her husband was stationed as a captain in the United States air force; that for approximately two years prior to the commencement of this action he had treated her in a cruel and inhuman manner, among other things, by having an affair with an unmarried woman in Japan; that he ordered her and their minor daughter to cease living with him and to leave Japan and return to the United States, which they did; and that since their return to this country he has failed and refused and continues to refuse to properly provide for their support. Simultaneously with the commencement of this action, plaintiff attached certain interests owned by her husband in mining property located in Minnesota and obtained a restraining order against defendant Oliver Iron Mining Company covering royalties in its possession owed to her husband. Service of the summons was made by publication pursuant to M. S. A. 543.11. The husband appeared specially by his attorney and moved to quash the attempted service of process, and appealed to this court from the order denying his motion.

The husband raises the legal question whether a nonresident spouse can acquire jurisdiction by publication over his or her nonresident spouse in an action involving a marital contract of another state, and whether the attempted compliance here was sufficient to confer jurisdiction. He argues that a spouse seeking a divorce or separate maintenance is not only required to allege, but to prove, residence within the state for a year under M. S. A. 518.07. This is correct so far as an action for divorce is concerned. Section 518.07 provides:

"No divorce shall be granted unless the plaintiff has resided in this state one year immediately preceding the filing of the complaint, except for adultery committed while the plaintiff was a resident of this state."

While it is true that § 518.09 provides that "An action for divorce or separate maintenance may be brought by a wife in her own name," the remaining part of the section refers to divorce only. Separate maintenance proceedings are not subject to the residence requirements which govern actions for divorce, unless expressly made so by statute. 3 Nelson, Divorce and Annulment (2 ed.) §. 32.29. There are no such statutory residence requirements with reference to separate maintenance actions in Minnesota. Plaintiff takes the position that a wife who is living apart from her husband for a cause legally justified may maintain an independent and equitable action against him for her support. Thus, the question presented is whether the action involved is one for divorce, requiring residence in Minnesota for one year immediately preceding the commencement of the action, or is an equitable action for support or separate maintenance independent of the statutory action for divorce.

It is our opinion, after a careful examination of the record, that the action involved is not one for divorce, which would require one year's residence within the state under § 518.07, but, rather, an equitable action for support or separate maintenance. The equitable action for separate maintenance was not abolished by L. 1933,

c. 165, repealing the statute authorizing actions by the wife for a limited divorce. Barich v. Barich, 201 Minn. 34, 275 N. W. 421. Plaintiff, in her complaint, does not pray for a divorce, but prays judgment that her husband properly provide for the support and maintenance of herself and minor child; for delivery to her of one-half the property accumulated since the marriage of the parties or one-half the value thereof; for attorneys' fees; and for a restraining order against defendant mining company.

We then come to the following questions:

(1) Can a nonresident wife maintain an equitable action for support against her nonresident husband in this state independent of the statutory action for divorce?

(2) If such equitable action exists, is it a transitory cause of action which can be brought by a nonresident in the courts of this state by attaching property of the defendant husband located within the state?

(3) Can jurisdiction be acquired where the summons was served on the nonresident husband by publication and no order of the court was made decreeing such substituted service?

(4) Can the husband, who was in the military service at the time of the commencement of the action, be sued, or is he protected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, § 501, *et seq.?*

■ The husband contends that any action affecting the marital relationship is statutory only. In support of his position, he argues that on the salutary ground of public policy one spouse is barred from maintaining a suit against the other in actions sounding in tort, citing Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A. (N.S.) 191, and Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064. We do not consider either of these cases as controlling here. The Strom case involved an action by a wife to recover damages for a personal assault alleged to have been committed against her by her husband during coverture. In the Drake case, the plaintiff husband, having separated from his wife, brought

an action against her to have her restrained by injunction from continuing her alleged abusive conduct toward him, which he claimed was affecting his health. The court summarized that type of litigation in the Drake case by saying that if it was to be opened up at all it should come about by legislation.

A review of the Minnesota case law seems definitely to sustain plaintiff's contention. The rule in England and the minority rule in a few American jurisdictions is to the effect that a court of equity has no original or inherent jurisdiction to entertain an independent action for separate maintenance or alimony, but, rather, that it can do so only incidental to a suit for divorce or separation, as provided by statute. 27 Am. Jur., Husband and Wife, § 402. In the United States, however, the weight of authority seems to be to the contrary, and a court of equity is regarded as having inherent jurisdiction, independent of any suit for divorce or separation, to entertain a suit by a wife for support out of the general estate of the husband. Graves v. Graves, 36 Iowa 310, 14 Am. R. 525; Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925; Pearce v. Pearce, 132 Ala. 221, 31 So. 85; Hubbard v. Hubbard, 131 Md. 291, 101 A. 772, 6 A. L. R. 3. This majority view is expressly adopted by the Minnesota cases. Barich v. Barich, 201 Minn. 34, 275 N. W. 421; Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Pye v. Magnuson, 178 Minn. 531, 227 N. W. 895.

"While there is a contrariety of decision the prevailing and growing view is that a court of equity, independent of a proceeding for divorce or separation, has jurisdiction to decree the wife separate maintenance. See note to Lang v. Lang, 70 W. Va. 205, 73 S. E. 716, in 38 L.R.A.(N.S.) 950, and Ann. Cas. 1913D, 1129; note to In re Popejoy, 26 Colo. 32, 55 Pac. 1083, in 77 Am. St. 222; 21 Cyc. 1598, 1603; 10 Dec. Dig. Husband & Wife, § 285, et seq.; 26 Cent. Dig. Id. §§ 1074-1099; 1 R. C. L. 878, et seq.; 2 Nelson, Divorce & Separation, § 1000, et seq. The prevailing view is the settled law of this state. Stephen v. Stephen, 102 Minn. 301, 113 N. W. 913; Baier

v. Baier, 91 Minn. 165, 97 N. W. 671; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971." Robertson v. Robertson, 138 Minn. 290, 291, 164 N. W. 980.

The fact that statutory provisions have been made for an action for divorce does not exclude by implication any jurisdiction which the courts may have to enforce the obligation to support in an independent action. It cannot be presumed that the legislature, while carefully providing for the continuance of the obligation of maintenance after divorce, intended thereby to cut off any jurisdiction which might have existed in the courts to enforce that obligation while the bonds of matrimony still existed. Edgerton v. Edgerton, 12 Mont. 122, 29 P. 966, 16 L. R. A. 94, 33 A. S. R. 557; Lang v. Lang, 70 W. Va. 205, 73 S. E. 716, 38 L.R.A.(N.S.) 950, Ann. Cas. 1913D, 1129.

Plaintiff alleged in her complaint that she had no adequate remedy at law. The action for support has been given jurisdiction in equity on the ground that the remedy at law is inadequate. The legal remedy of a wife at common law was to pledge her husband's credit for necessaries. Lang v. Lang, *supra*. This remedy was difficult, cumbersome, and ofttimes impossible, because very few tradesmen wished to exchange their merchandise for a possible lawsuit. Consequently, it is reasonable that equity would place a positive duty upon the husband to support his wife. Milliron v. Milliron, 9 S. D. 181, 68 N. W. 286, 62 A. S. R. 863; Livingston v. Superior Court, 117 Cal. 633, 49 P. 836, 38 L. R. A. 175.

It is therefore our opinion that the subject is within the inherent jurisdiction of a court of equity, and an action in the case at bar can be maintained in this state.

■ Deciding as we do that an equitable action exists under the facts and circumstances of the instant case, the next question for consideration is whether the action is a transitory one which can be brought by a nonresident in the courts of this state by attaching property of the defendant husband located within the state.

Plaintiff contends that it is a transitory action because it does not seek to alter or affect the marital status of the parties, but is

only an action for the recovery of money for support; thus, that it may be enforced in the forum of any state where her husband or his property may be found.

The fundamental rule for determining whether an action is a transitory or a local one is this: If the cause of action could have arisen in any place whatsoever it is transitory; and, unless there is a statute to the contrary, an action thereon can be brought wherever the defendant can be found and jurisdiction over his person obtained. In other words, an action is transitory where the transaction on which it is founded might have taken place anywhere, and it is local where the transaction is necessarily local; that is, where it could have happened only in a particular place. 56 Am. Jur., Venue, § 3, and cases cited under notes 15 and 18. In referring to an action for alimony, it is stated (*Id.* § 8):

"* * * An action for alimony is clearly in personam for the recovery of money, and therefore transitory, and any court having jurisdiction of the subject matter may acquire jurisdiction of the defendant when he is summoned to appear, or voluntarily appears and makes defense," citing Williamson v. Williamson, 183 Ky. 435, 209 S. W. 503, 3 A. L. R. 799.

In that case, the husband compelled the wife to leave him by conditioning their continued cohabitation on her getting rid of her minor children by a former marriage, when he knew of their existence at the time of his marriage. The court there said (183 Ky. 436, 209 S. W. 504):

"* * * a suit for alimony may be maintained independent of and without regard to a divorce, where the husband treats the wife with cruelty, and compels her to leave him * * *.

* * * * *

"It is purely an action *in personam* for the recovery of money, and therefore transitory, * * *."

It is our opinion in the instant case that, inasmuch as the action is one primarily for the recovery of support money, it is a transitory action, since it does not affect the marital status, but only

seeks to recover support money, sometimes loosely referred to as alimony. Inasmuch as the husband denies the existence of any equitable cause of action for support, he has not gone into the question whether the action is a transitory one.

■ We next come to the question whether such equitable action for support can be brought by a nonresident wife against her non-resident husband, who owns property within the state, where such property was brought within the jurisdiction of the court by seizure at the commencement of the action. It is our opinion that such an action can be maintained under the facts and circumstances here.

In Pye v. Magnuson, 178 Minn. 531, 533, 227 N. W. 895, plaintiff brought an action for support and maintenance, attaching land and other property in Minnesota belonging to her nonresident husband. While it is true that in that case the plaintiff was a resident of Minnesota, this court said in sustaining the action:

"The real question presented is whether in the action for support the court had jurisdiction to make the amounts ordered to be paid therefor by the husband in the future a lien on his real estate, in the absence of a statute authorizing it.

"It is settled in this state and by the great weight of authority elsewhere that, independently of any statute on the subject, the court in the exercise of its equitable powers may make provision for the separate maintenance of the wife out of the property or income of the husband where she is justifiably living apart from him. Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Jacobs v. Jacobs, 136 Minn. 190, 161 N. W. 525, L. R. A. 1917D, 971; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980; Dorsey v. Dorsey, 142 Minn. 279, 171 N. W. 933; Waller v. Waller, 160 Minn. 431, 200 N. W. 480.

"In the cases above cited the defendant was a resident and the court had jurisdiction of his person. An action against a nonresident, though in personam in form, is an action in rem in effect; and the jurisdiction acquired extends no farther than to permit the court to apply to the satisfaction of the plaintiff's demand property of the defendant within the state which has been brought within the control of the court by seizure under process or in some other ap-

propriate manner. But the court has jurisdiction to enforce its judgment or decree against such property. Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210; Cousins v. Alworth, 44 Minn. 505, 47 N. W. 169, 10 L. R. A. 504; Daly v. Bradbury, 46 Minn. 396, 49 N. W. 190; Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; Hencke v. Twomey, 58 Minn. 550, 60 N. W. 667; Spokane Merchants Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915; Wagner v. Farmers Co-op. Exch. Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279.

"That in an action for support against a nonresident husband the court may make the award a lien on the property of the husband within the jurisdiction and may make any necessary or proper provision for satisfying the award out of such property, without statutory authority therefor, is well sustained both by reason and by the authorities. Shipley v. Shipley, 187 Iowa, 1295, 175 N. W. 51; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 A. S. R. 611; Forrester v. Forrester, 155 Ga. 722, 118 S. E. 373, 29 A. L. R. 1363; Benner v. Benner, 63 Ohio St. 220, 58 N. E. 569; Edgerton v. Edgerton, 12 Mont. 122, 29 P. 966, 16 L. R. A. 94, 33 A. S. R. 557; Wilder v. Wilder, 93 Vt. 105, 106 A. 562; Johnson v. Johnson, 125 Ill. 510, 16 N. E. 891; Klosowski v. Klosowski, 266 Ill. 360, 107 N. E. 634; Cash v. Cash, 201 Ill. App. 151; Crews v. Crews, 175 N. C. 168, 95 S. E. 149; Milliron v. Milliron, 9 S. D. 181, 68 N. W. 286, 62 A. S. R. 863; Hagert v. Hagert, 22 N. D. 290, 133 N. W. 1035, 38 L.R.A.(N.S.) 966, Ann. Cas. 1914B, 925.

"The first four of the above cases contain extensive reviews of the authorities. In the majority of the other cases the court had jurisdiction of the person of the defendant, but that fact does not lessen the value of the case as an authority for the doctrine that the court has power to subject the property of the husband to the payment of an allowance made to the wife for her separate maintenance.

"Defendant attached the land in controversy and thereby acquired a lien thereon. As the summons was served by publication, no jurisdiction was acquired over the person of the husband, and her claim could be enforced only against the property attached.

Unless she could enforce it against that property she had no remedy and could obtain no relief. The court imposed a lien on that property to secure the payment of the award as the instalments thereof became due. We have no doubt of the power of the court to do so * * *."

In Bullock v. Bullock, 181 Minn. 564, 233 N. W. 312, plaintiff, a resident of Minnesota, brought an action for divorce against her husband, who lived in Iowa. He owned a farm in Minnesota, which was in the custody of defendant Strom, who held money and personal property belonging to defendant husband. At the commencement of the action, the district court issued an order restraining Strom from delivering to the husband any money or other personal property in his custody to which the husband was or might be entitled. The order also restrained the husband from disposing of or encumbering his Minnesota property. Both defendants were required by the terms of the order to show cause why such restraint should not continue until the action was terminated. The summons, complaint, and order were served on Strom in Minnesota and personally served on the husband in Iowa. Upon the return day specified in the order to show cause, both defendants made special appearances and objected to the jurisdiction of the court, after which the court made the order from which the appeal was taken. Upon appeal this court said (181 Minn. 565, 233 N. W. 313):

"The court has jurisdiction over property within the state regardless of the residence or presence of the owner. Money in Strom's hands due the husband is, like other personal property in his custody, property within the state. The power extends to tangible and intangible property. The important things are that the res is within the state, that it is seized at the commencement of the action, and that the owner be given an opportunity to be heard. * * *

"Under the conditions mentioned, a decree for alimony against an absent husband will be valid under the same circumstances and

to the same extent as if the judgment were on a debt—that is, it will be valid not in personam but as a charge to be satisfied out of the property seized. The restraining order issued against Strom under the circumstances was as effective a seizure as the customary garnishment or attachment. The authorities support our conclusion that the order of the trial court should be affirmed. Pennington v. Fourth Nat. Bank, 243 U. S. 269, 37 S. Ct. 282, 61 L. ed. 713, L. R. A. 1917F, 1159; Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Pye v. Magnuson, 178 Minn. 531, 227 N. W. 895; * * *."

As additional authority for the power of the state court to subject the property of an absent husband to payments for the support of his family under jurisdiction acquired by seizure of the property and substituted service, it was stated in Pennington v. Fourth Nat. Bank, 243 U. S. 269, 271, 37 S. Ct. 282, 283, 61 L. ed. 713, 715, L. R. A. 1917F, 1159, cited in the Bullock case, in connection with an action for the payment of alimony:

"* * * The power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort. It is likewise immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court."

Defendant takes the position that, inasmuch as this action is one for separate maintenance, in addition to the requirement of one year's residence under § 518.07, service by publication can only be made when ordered by the court, as provided in § 518.11; that, since the court made no order that publication be made in the instant case, the service was insufficient to confer jurisdiction on the trial court.

It is our opinion, inasmuch as this action is not a statutory action for divorce, but an equitable action for support, that the statute requiring a court order for service by publication does not apply. In view of the fact that we are holding that this is a non-

statutory equitable action, it is not subject to § 518.11 in connection with service by publication, but comes under §§ 543.11 and 543.12. Section 543.12(3) provides that service can be made by publication "When the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action." It is our further opinion that these general statutes regulating service by publication do not make a court order a prerequisite to publication; therefore, that the service in this case was sufficient to confer jurisdiction.

■ While defendant does not raise the question on appeal in connection with his status under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, § 501, *et seq.*, § 520(1) of that act provides that a divorce will be granted on service by publication only where facts are shown by affidavit that defendant is not in the military service. Melotti v. Melotti, 44 Pa. D. & C. 514, 5 Fayette Leg. J. 117, 4 Monroe Leg. Rep. 56, 11 Somerset Leg. J. 51, 56 York Leg. Rec. 76. It must be remembered that we are not considering this an action for divorce, but an equitable action for support. Section 520(1) of the act provides that if defendant defaults no judgment shall be entered unless an affidavit showing that he is not in the military service is filed. Under § 520(4), such a judgment, if entered, can be opened. Under § 521, an action may be stayed unless, in the opinion of the court, the ability of the defendant to conduct his defense is not materially affected by reason of his military service. It has been held that a trial court does not abuse its discretion in refusing to stay proceedings under the act if circumstances justify refusal. Hellberg v. Warner, 319 Ill. App. 117, 48 N. E. (2d) 972. In the instant case, the trial court ordered a stay of proceedings for an additional 60 days and also provided: "If this time is insufficient, other and further relief can be had if defendant is absent in the service." In view of this, it appears that the husband has been adequately protected against unjust advantage on the part of plaintiff.

Affirmed.