In the Matter of Trust B Created under the Last Will and Testament of Archie M. CARY, Deceased.

No. 81–101.

Supreme Court of Minnesota.

Dec. 31, 1981.

Rehearing Denied Feb. 2, 1982.

Cox & Goudy, Minneapolis, Rufus King of King & Newmyer, Washington, D.C., for appellant.

Faegre & Benson, and John Harris and Bonnie Fleming, Minneapolis, for respondent.

## OPINION

AMDAHL, Chief Justice.

This is an appeal by Arthur B. Hanson, co-trustee of a trust created in 1959 under the will of Archie M. Cary, from an order of the Hennepin County District Court relinquishing *in rem* jurisdiction over the trust pursuant to Minn.Stat. § 501.351 (1980).

The trust had originally named James H. Towey and Marguerite Carey Crossfield, who is also the sole beneficiary, as trustees and Robert M. Christman as successor co-trustee. In 1960, the Hennepin County District Court assumed jurisdiction over the trust as a proceeding *in rem* and confirmed Crossfield and Christman as co-trustees. In 1965, the court discharged Christman and appointed Arthur B. Hanson as successor co-trustee. Hanson, an attorney who had done some unrelated legal work for Crossfield before Archie Cary's death, lives in Maryland and practices law in Washington, D. C., where all of the assets of the trust are now located. From 1968 to 1979, the co-trustees did not file copies of their annual accounts or have their accounts allowed as required by Minn.Stat. § 501.34 (1980) and Part I, Rule 28 of the Code of Rules for the District Courts. Accounts covering the period from April of 1965 to July of 1968 were filed in August of 1968. The Hennepin County District Court did not exercise active supervision over the trust from August of 1968 to March of 1979.

In 1977, Marguerite Crossfield brought an action against Hanson in the Superior Court of the District of Columbia, alleging conversion and legal malpractice and demanding an accounting of the trust. Hanson moved for summary judgment, contending that the District of Columbia court lacked subject matter jurisdiction and that only Minnesota had jurisdiction to decide matters relating to the administration of the trust. Meanwhile, Hanson petitioned the Hennepin County District Court for settlement and allowance of the trust's annual accounts for 1965 through 1978, for a discharge from liability as trustee, and for trustee's fees.

The Superior Court of the District of Columbia denied Hanson's motion for summary judgment and enjoined him from proceeding in the Minnesota courts without Crossfield's consent or a court order. Shortly thereafter, the District of Columbia Court of Appeals stayed the Superior Court's order.

The day before the scheduled hearing in Minnesota on the settlement and allowance of accounts, the Hennepin County District Court enjoined Crossfield from proceeding in the District of Columbia on matters relating to the administration of the trust. A hearing was held before a referee on April 25, 1979; it was continued to May 24 on the condition that Crossfield file an objection to the petition and pay Hanson's attorneys fees and travel expenses. On May 10, Hanson moved for an order granting his petition on the ground that Crossfield had failed to file an objection in a timely manner. Crossfield instead filed a motion to dismiss on the ground of forum non conveniens.

The referee recommended that Hanson's resignation as co-trustee be accepted on the condition that he deliver all records, accounts, and assets of the trust to Crossfield within 30 days; that attorneys fees be reserved; that the proceedings for the allowance of the accounts and the discharge of the trustee be stayed until further order; and that the district court retain *in rem* jurisdiction so that it could ultimately discharge Hanson.

On September 12, 1979, the court issued an order denying Hanson's motion to reject the referee's report and recommendation. On October 3, the court issued another order dissolving all prior orders restraining the parties from proceeding in the District of Columbia court, accepting Hanson's resignation and requiring him to deliver to Crossfield the trust's assets, records, and accounts, and reserving attorneys' fees. The court also stayed the proceedings for allowance of the accounts and retained *in rem* jurisdiction over the trust.

On June 18, 1980, the District of Columbia court issued an order dismissing some of Crossfield's claims as barred by applicable statutes of limitations and staying the other claims pending the resolution or conclusion of the Minnesota proceedings. Crossfield and her daughters and infant granddaughter, who have remainder interests in the trust, then petitioned the Hennepin County District Court for an order dismissing with prejudice Hanson's petition for discharge and for allowances of his accounts. On December 23, 1980, the district court ordered the release of its *in rem* jurisdiction over the trust and the payment of each party of his or her own costs and attorneys fees. Hanson appealed from this order.

The issue in this case is whether the district court, having first relinquished jurisdiction over a trust pursuant to Minn.Stat. § 501.351 (1980), may then refuse to grant a trustee's petition for discharge and allowance of accounts on the ground that the same issues may be litigated in a more convenient forum.

█ The district court may terminate its jurisdiction over a trust pursuant to Minn. Stat. § 501.351 (1980).[1] Hanson states correctly that this statute does not actually affect the jurisdiction of the court, but that it means only that after jurisdiction is terminated, the trustee need not file annual accounts with the court. Minn.Stat. § 501.-35 (1980) permits a trustee to submit a petition to the district court even after the court has terminated its jurisdiction. It provides in part:

Any trustee of an express trust by will or other written instrument whose ap-

pointment has been confirmed, or any beneficiary of that trust, may petition the court then having jurisdiction of the trust as a proceeding in rem, and any trustee of an express trust by will or other written instrument whose appointment has not been confirmed, or any beneficiary of that trust, may petition the district or county court of the county wherein the unconfirmed trustee resides or has his place of business, for instructions in the administration of the trust, for the confirmation of any action taken by the trustee, for a construction of the trust instrument, or upon or after the filing of any account, for the settlement and allowance thereof. * * *

█ Hanson contends that the meaning of sections 501.35 and 501.351, taken together, is that the district court not only has "inherent" jurisdiction to hear his petition, but that it *must* hear it. We held in *In re Declaration of Trust by Bush*, 249 Minn. 36, 81 N.W.2d 615 (1957), that "a trustee has it in his power at *any and all times* to come of his own motion and secure from a court of equity a settlement of his account * * *." *Id.* at 50, 81 N.W.2d at 624. *Bush* does not mean, however, that a trustee has an absolute right to compel a particular court, among those courts that have jurisdiction, to hear the petition. The Hennepin County District Court and the Superior Court of Washington, D. C. have concurrent jurisdiction to determine Hanson's liability for his acts as trustee. He will not be deprived of a remedy if he cannot present his petition to the Minnesota court, and he certainly has no power to insist upon an inconvenient venue in Minnesota.

1. Minn.Stat. § 501.351 (1980) provides:

Any trustee of an express trust by will or other written instrument whose appointment has been confirmed, or any beneficiary of the trust, may at any time petition the court pursuant to section 501.35 for an order terminating the court's jurisdiction of the trust as a proceeding in rem. If upon the hearing on the petition no beneficiary then in being objects to the termination of the court's jurisdiction of the trust as a proceeding in rem, the court shall enter an order terminating its jurisdiction of the trust as a proceeding in rem. If upon the hearing on the petition any

beneficiary then in being objects to the termination of the court's jurisdiction of the trust as a proceeding in rem, the court shall make such order as it deems appropriate. After the entry of an order terminating the court's jurisdiction of the trust as a proceeding in rem, the requirements set forth in section 501.34 shall no longer apply to the trustee of the trust. Nothing in this section shall prohibit a trustee or any beneficiary of the trust from thereafter petitioning the court pursuant to sections 501.33 or 501.35 as if the appointment of the trustee had never been confirmed.

■ Even though a court may have jurisdiction, it need not exercise its jurisdiction if to do so would cause undue hardship to one of the parties by forcing him to litigate in an inconvenient forum. *See* 1 D. McFarland & W. Keppel, Minnesota Civil Practice § 727 (1979). In *Hague v. Allstate Insurance Co.*, 289 N.W.2d 43 (Minn.1979), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), we pointed out that, under the doctrine of forum non conveniens, a court "may decline jurisdiction over transitory causes of action brought by nonresident citizens or noncitizens of this state when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction."[2] *Id.* at 45. In this case, all concerned parties and witnesses live in or near Washington, D. C. The assets of the trust, including real property, and all of the trust's records are located there. The trust has been administered there since 1965. Furthermore, Hanson does not claim that any particular benefit would accrue to him as a result of having the matter heard in Minnesota.[3]

Although the District of Columbia court suggested that the matter of the trust accountings be resolved in Minnesota because Minnesota law would govern, we conclude that the need to protect Crossfield and the contingent beneficiaries from the inconvenience likely to result from Hanson's choice of forum outweighs any interest the Minnesota courts would have in applying Minnesota law to an action involving a trust situated and administered in Washington, D.C.

We find no reason to permit Hanson to petition the Hennepin County District Court for a discharge of his liability at this time. The only benefit such a proceeding could confer upon Hanson would be a possible determination of no liability that would be res judicata in the District of Columbia action. The District of Columbia court could decide the question of Hanson's alleged misfeasance as trustee at considerably less expense, inconvenience, and delay for all parties. We therefore affirm the trial court's order and remand the matter with a direction to dismiss Hanson's petition for discharge and allowance of accounts.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.

---

**2.** Because Hanson's liability could be determined in the District of Columbia court as well as in the Minnesota court, and because the Minnesota court has terminated its *in rem* jurisdiction, under the circumstances this is a transitory action. *See, e.g., Donigan v. Donigan*, 236 Minn. 516, 53 N.W.2d 635 (1952).

**3.** In *Hague* we held that the following factors should be considered in applying the doctrine of forum non conveniens:

[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be

appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. * * * It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

289 N.W.2d at 46, *quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).